[No. B072543. Second Dist., Div. Four. Nov. 24, 1993.]

In re JUAN C., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Appellant, v.
JUAN C., Defendant and Respondent.

**COUNSEL**

Gil Garcetti, District Attorney, George M. Palmer and Brent Riggs, Deputy District Attorneys, for Plaintiff and Appellant.

Michael M. Totaro, under appointment by the Court of Appeal, for Defendant and Respondent.

**OPINION**

**EPSTEIN, J.**—In this case we conclude that an order by the juvenile court under Welfare and Institutions Code section 782[1] dismissing a delinquency petition against a minor in "the interests of justice" must be reversed because the trial court failed to state its reasons in the minutes, as required by rule 1493 of the California Rules of Court.

### FACTUAL AND PROCEDURAL SUMMARY

On May 29, 1992, the Los Angeles County District Attorney filed a petition in the juvenile court alleging that Juan C., a minor, came within the provisions of section 602 by reason of his commission on May 5, 1992, of seven acts constituting felonies. On June 19, 1992, the minor admitted count 7, receiving stolen property (Pen. Code, § 496, subd. (a)) as a misdemeanor, and the juvenile court dismissed the remaining counts. Disposition of the admitted count was calendared for July 30, 1992.

On July 20, 1992, the district attorney filed a second section 602 petition against the minor, alleging a misdemeanor violation of Business and Professions Code section 25662, possession of alcohol by a minor in a public place. On July 30, 1992, the juvenile court scheduled a combined hearing on September 3 for disposition on the first petition and adjudication of the second petition.

On August 25, 1992, before that combined hearing had occurred, the district attorney filed a third section 602 petition against the minor, this time

---

[1]All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

alleging his commission of two felonies: robbery (Pen. Code, § 211) with use of a firearm on August 24, 1992, and assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)) on July 30, 1992. The petition alleged that the minor was not a fit and proper subject to be dealt with under the juvenile court law. (§ 707.)

The juvenile court advanced the September 3 date for the combined hearing on the two earlier petitions, then continued all three matters to a hearing on September 15, 1992. On that date the juvenile court granted the People's section 707 motion, finding the minor unfit to be dealt with under the juvenile court law. The People then inquired about disposition of the first petition, which had been sustained. The court observed that since the minor was found unfit for the juvenile court, it would be inconsistent to make a dispositional order keeping him in the juvenile court. The court contemplated the effect of a juvenile court disposition of the first sustained petition on the prosecution of the felony charges alleged in the third petition. The court noted that the felony prosecution could take several months, and expressed concern that camp placement on the first petition would not only create difficulties regarding the minor's ability to cooperate with his attorney on the felony charges, but also would present problems in transporting the minor to and from court. The court wondered "[h]ow will camp be other than simply a place to keep him locked up pending further proceedings?" The court concluded by dismissing the first petition "in the interest of justice because the court is not going to make a disposition following an[ ] order having found him unfit." The court minutes reflected only that the petition had been dismissed in the interests of justice. The People filed a timely notice of appeal from the order of dismissal.

## DISCUSSION

The court's authority to dismiss a juvenile court petition arises under section 782. That section provides: "A judge of the juvenile court in which a petition was filed, at any time before the minor reaches the age of 21 years, may dismiss the petition or may set aside the findings and dismiss the petition if the court finds that the interests of justice and the welfare of the minor require such dismissal, or if it finds that the minor is not in need of treatment or rehabilitation. The court shall have jurisdiction to order such dismissal or setting aside of the findings and dismissal regardless of whether the minor is, at the time of such order, a ward or dependent child of the court."

Rule 1493(a)(1) of the California Rules of Court requires that when a court dismisses a petition in the interests of justice and the welfare of the child, it must state its specific reasons for doing so in the minutes.

■ The People seek review of the court's order of dismissal. They recognize that "[t]he People's right to appeal in criminal actions and juvenile court proceedings is conferred exclusively by statute." (*People* v. *Superior Court* (*Arthur R.*) (1988) 199 Cal.App.3d 494, 497 [244 Cal.Rptr. 841].) Section 800, subdivision (b) specifies the juvenile court orders from which a People's appeal is permitted. Subdivision (b)(5) provides that an appeal may be taken by the People from "[t]he imposition of an unlawful order at a dispositional hearing, whether or not the court suspends the execution of the disposition."

The court's failure to state reasons for the dismissal in the minute order, as required by California Rules of Court, rule 1493, renders that order "manifestly invalid" and therefore unlawful. (See *People* v. *Orin* (1975) 13 Cal.3d 937, 943 [120 Cal.Rptr. 65, 533 P.2d 193].) It follows that the People are statutorily entitled to appeal from an order of the juvenile court on the ground that it is unlawful.

■ While we find no reported juvenile case which holds that a court's order of dismissal unaccompanied by a statement of reasons in the minute order is invalid, and hence unlawful,[2] there is strong support for the People's position in adult criminal cases applying a comparable dismissal statute.

The analogous criminal law statute is Penal Code section 1385.[3] It vests authority in the trial court to dismiss an action "in furtherance of justice." The reasons for the dismissal must be set forth in an order entered upon the minutes. It is of no moment that the requirement of reasons in the minutes is spelled out in the statute for the adult criminal law, while it is contained in a court rule for the juvenile court proceedings. Rule 1493 of the California Rules of Court was adopted pursuant to the Judicial Council's "constitutional and statutory authority to adopt rules for court administration, practice, and procedure, not inconsistent with statute." (Cal. Rules of Court, rule 1400(b); see section 265: "The Judicial Council shall establish rules governing practice and procedure in the juvenile court not inconsistent with law.")

■ Court rules such as rule 1493 have the force of positive law and are as binding as procedural statutes so long as they do not transcend

---

[2]In *In re Albert M.* (1992) 7 Cal.App.4th 353, 359-361 [8 Cal.Rptr.2d 653], the author of the majority opinion wrote a separate concurring opinion expressing the view that failure of the juvenile court to set forth in the minutes the specific reasons for its dismissal of a petition pursuant to section 782 was reversible error. The justice relied, as we do, on cases interpreting the analogous provisions of the Penal Code.

[3]There are distinctions in the two statutory schemes. For example, dismissal of a juvenile petition under section 782 requires findings that ". . . the interests of justice *and* the welfare of the minor require such dismissal." (Italics added.)

legislative enactments or constitutional guarantees. (*Oats* v. *Oats* (1983) 148 Cal.App.3d 416, 420 [196 Cal.Rptr. 20].) ▮ Rule 1493 is not inconsistent with either statutory or constitutional law, and is therefore as binding on the juvenile court as its counterpart in Penal Code section 1385.

The requirement of a statement of reasons for dismissal in section 1385 cases is mandatory, not directory. (*People* v. *Hunt* (1977) 19 Cal.3d 888, 897 [140 Cal.Rptr. 651, 568 P.2d 376].) The underlying purpose of this requirement is to protect the public interest against improper or corrupt dismissals, and to impose a purposeful restraint upon the exercise of judicial power. (*People* v. *Orin, supra,* 13 Cal.3d at p. 944.)

The courts have rejected attempts to "make do" with reasons included in the reporter's transcript. "It is not enough that on review the reporter's transcript may show the trial court's motivation; the *minutes* must reflect the reason 'so that all may know why this great power was exercised.' " (*People* v. *Beasley* (1970) 5 Cal.App.3d 617, 637 [85 Cal.Rptr. 501], italics in original; *People* v. *Orin, supra,* 13 Cal.3d at p. 944.)

"Failure to state the reasons in the minutes renders a dismissal under section 1385 invalid." (*People* v. *Superior Court (Flores)* (1989) 214 Cal.App.3d 127, 136 [262 Cal.Rptr. 576]; *People* v. *Superior Court (Howard)* (1968) 69 Cal.2d 491, 503, fn. 7 [72 Cal.Rptr. 330, 446 P.2d 138].)

The principle declared in these cases is applicable to this case. (See *People* v. *Superior Court (Arthur R.), supra,* 199 Cal.App.3d at p. 498, fn. 3.) Applying it, we conclude that the record is deficient. The minute order contains no reasons whatsoever for the court's decision to dismiss the petitions; it merely orders that the three petitions filed against the minor be dismissed without prejudice. In the absence of the required statement of reasons, the trial court did not exercise its power to dismiss a petition under section 782 in a lawful manner. (See *People* v. *Rivadeneira* (1985) 176 Cal.App.3d 132, 136 [222 Cal.Rptr. 548].)[4]

The court's purported dismissal of the sustained petition was without effect.

---

[4]In light of our conclusion on this issue, we do not reach the issue of whether, once a juvenile has been found unfit for proceedings under the juvenile court law under a particular petition, he or she is similarly unfit for such treatment under any petition.

## Disposition

The order of dismissal is reversed.

Woods (A. M.), P. J., and Conway, J.,* concurred.

---

*Judge of the Los Angeles Superior Court sitting under assignment by the Chairperson of the Judicial Council.