[No. A107177. First Dist., Div. Four. Sept. 20, 2004.]

In re RYAN R., a Person Coming Under the Juvenile Court Law.
CONTRA COSTA COUNTY CHILDREN AND FAMILY SERVICES
BUREAU, Plaintiff and Respondent, v.
STEPHANIE R., Defendant and Appellant.

596

COUNSEL

Janet H. Saalfield, under appointment by the Court of Appeal, for Defendant and Appellant.

Silvano B. Marchesi, County Counsel, for Plaintiff and Respondent.

OPINION

KAY, P. J.—Stephanie R. (Mother) has filed an untimely notice of appeal from the order terminating her parental rights as to Ryan R. The notice of appeal contains the following declaration from Mother's counsel below explaining how the notice came to be filed a day late: "The 60th day fell on Sunday, July 11, 2004. I, Mary Pryor, received a voice mail message at approximately 4:00 p.m., after I returned from court on July 12, 2004, from mother that she wished to file an appeal. The voice mail message was left by mother on my voice mail machine at 2:08 p.m. on July 12, 2004. The clerk's office closes at 3:00 p.m. The clerk's office was closed when I received the voice mail message. I am filing this notice of appeal on the next court date."

We issued an order to show cause why the appeal should not be dismissed as untimely, and Mother has filed a responsive brief advancing two

arguments to avoid that result. Given children's special need for finality in adoption related proceedings (see, e.g., *In re Alyssa H.* (1994) 22 Cal.App.4th 1249, 1254 [27 Cal.Rptr.2d 809]), the deadline for appealing from orders terminating parental rights should be firmly applied, and Mother has identified no basis for making an exception in this case.

Mother's first argument is that her late filing should be excused because the court failed to properly notify her of her right to appeal. She did not attend the May 12, 2004 Welfare and Institutions Code section 366.26[1] hearing at which her parental rights were terminated. Mother's counsel told the court at the hearing that she had had no contact with Mother since November of 2003. Counsel stated, "Since I've had no contact I don't know whether her non-appearance is her speaking what she wants. I can only say the last I had contact with her[,] which was in November[,] is that she was opposed to the termination of her rights, and I would say that for the record and submit." After the court ruled, counsel asked, "And P.D. relieved?" The court responded, "Pending protection of appellate rights." On the date of the hearing, the court sent Mother a notice advising her of her right to appeal and of the deadline for appealing, with a copy of the minute order terminating her parental rights. The notice was mailed to an address in Pittsburg.

Mother contends that this notice was insufficient because, in October 2003, she had filed with the court a "notification of mailing address" form under section 316.1, which listed an address in Antioch where she was to receive mailings from the court. Section 316.1 requires a parent to designate a mailing address to be used for notices until the parent notifies the court or the agency in writing of a new address.

It is not apparent how the Pittsburg address came to be used. Mother appeared at a hearing on November 17, 2003, at which the section 366.26 hearing was set for March 10, 2004; notice of the March 10 hearing was sent to Mother at the Antioch address specified in her section 316.1 filing. For unexplained reasons, the agency report for the March 10 hearing listed Mother at the Pittsburg address, rather than the Antioch address. Mother did not appear at the March 10 hearing, where counsel for the minor reported that the foster family had not heard from Mother since Christmas, and the court continued the section 366.26 hearing to May 12, 2004. Notice of the May 12 hearing was mailed to the Pittsburg address.

Mother does not contend that she lacked notice of the May 12 hearing, where, as has been indicated, she failed to appear. Because of that failure, she was not entitled under the California Rules of Court to notice of

---

[1] All further statutory references are to the Welfare and Institutions Code.

her right of appeal from the orders at that hearing. California Rules of Court, rule 1463(h) provides with respect to section 366.26 hearings that "[t]he court must advise all parties of their appeal rights as provided in rule 1435." California Rules of Court, rule 1435(d) directs the court to "advise, orally or in writing, the child, if of sufficient age, and *if present*, the parent or guardian of: [¶] (1) The right of the child and parent or guardian to appeal from the court order; [¶] (2) The necessary steps and time for taking an appeal . . . ." (Italics added; compare Cal. Rules of Court, rule 1435(e) [requiring notice to parties, whether or not present, of procedures for review of order setting a § 366.26 hearing].)

■ Mother submits, however, that she was entitled under case law and as a matter of due process to notice of her appeal rights. (See *In re Jacqueline H.* (1978) 21 Cal.3d 170, 179 [145 Cal.Rptr. 548, 577 P.2d 683] [when parental rights are terminated, "the trial court should advise the parents of their right to appeal, to appellate counsel . . . ."].) Assuming without deciding that this is true, the record shows that such notice was in fact given to Mother. Although the notice was not mailed to the address Mother had designated in the section 316.1 form, there is no showing that the court did not send the notice to her actual address at the time of the notice, or that she did not actually receive the notice the court sent—it appears that she was duly apprised of her appeal rights because she belatedly requested that an appeal be filed. Moreover, the court advised Mother's counsel at the section 366.26 hearing that counsel was responsible for "protection of [her] appellate rights." Through the mailed notice to Mother and the oral advisement to her counsel, the court fulfilled whatever constitutional or common law duty it may have had to inform Mother of her appellate rights. Even if the court's mailing could be said to have technically violated section 316.1 because it was not addressed as Mother had specified, no prejudice has been established.

■ Mother's second argument is that the 60 days for filing the notice of appeal (Cal. Rules of Court, rule 39.1(f)) never began to run because the court did not file its order terminating her parental rights on Judicial Council form JV-320. *In re Alyssa H., supra,* 22 Cal.App.4th at pages 1253–1254, held that the 60 days for appealing from an order terminating parental rights begins to run from the day the order is pronounced in open court. *Alyssa H.* followed *In re Markaus V.* (1989) 211 Cal.App.3d 1331, 1337 [260 Cal.Rptr. 126], which held that situations "where a statute requires a certain form of order" were excepted from the rule that the appeal period runs from an order's pronouncement. In those situations, "the order is effective only when made in the statutory form." (*Ibid.*) Mother contends that the *Markaus V.* exception to the pronouncement rule applies here because California Rules of Court, rule 201.1(b) (rule 201.1(b)) requires use of Judicial Council form JV-320 for orders under section 366.26, and the court did not use that form in this case. (See generally *In re Juan C.* (1993) 20 Cal.App.4th 748, 752–753

[24 Cal.Rptr.2d 573] [Judicial Council rules consistent with constitutional and statutory law "are as binding as procedural statutes" on juvenile courts].) The court signed an order terminating Mother's parental rights on the date the order was orally pronounced, but the written order was not on the Judicial Council form.

■ We conclude that the *Markaus V.* exception is inapplicable in this case. The exception applies where a statute provides for issuance and filing of a written order. (*In re Markaus V., supra,* 211 Cal.App.3d at p. 1337.) The *Markaus V.* appeal was from an order pursuant to section 362.4, which authorizes the juvenile court to "issue" an order determining the custody of the child and directs that the order "shall be filed in the proceeding for nullity, dissolution, or legal separation, or in the proceeding to establish paternity, at the time the juvenile court terminates its jurisdiction over the minor, and shall become a part thereof. . . ." Thus, this statute "plainly envision[ed] that a *written* order be 'issued' and filed in another action," and did "not contemplate that an oral order shall be valid." (*In re Markaus V., supra,* at p. 1337.) Here, rule 201.1(b) refers only to mandatory use of judicial forms; it does not indicate that, contrary to *Alyssa H.,* an order terminating parental rights is effective only when a written order is filed. Since rule 201.1(b) does not envision the issuance and filing of a written order when parental rights are terminated, it does not trigger the *Markaus V.* exception to the pronouncement rule.

The appeal is dismissed.

Reardon, J., and Sepulveda, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 15, 2004.