Filed 1/10/18 (unmodified opn. attached)
**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re A.O., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>A.O.,<br><br>    Defendant and Appellant. | 2d Crim. No. B282149<br>(Super. Ct. No. PJ50959)<br>(Los Angeles County)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING; CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed on December 12, 2017, be modified as follows:

On page 9, under the heading "Disposition," the entire paragraph is omitted and replaced with the following:

The April 4, 2017 order dismissing count 2 of appellant's May 14, 2014 section 602 petition and committing him to DJF is reversed. The matter is remanded for a new disposition hearing on the section 777 probation violation found true on December 22, 2016.

This modification changes the judgment.  The People's petition for rehearing is denied.

Filed 12/12/17 (unmodified version)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re A.O., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>A.O.,<br><br>    Defendant and Appellant. | 2d Juv. No. B282149<br>(Super. Ct. No. PJ50959)<br>(Los Angeles County) |

A.O. appeals the juvenile court's order recommitting him to the Division of Juvenile Facilities (DJF) pursuant to Welfare and Institutions Code[1] section 707, subdivision (b) (hereinafter section 707(b)). The California Department of Corrections and Rehabilitation, Division of Juvenile Justice (DJJ) rejected the initial commitment—which was ordered following a violation of probation—because it was based on a section 602 petition in which the most recent offense was not a DJF-qualifying offense (§ 733, subd. (c), hereinafter section 733(c)). The court then granted the prosecutor's motion to dismiss the non-qualifying

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise stated.

offense and ordered the recommitment. Appellant contends the court erred. We agree and reverse.

## FACTS AND PROCEDURAL HISTORY

In May 2014, a section 602 petition was filed alleging that appellant had committed a second degree robbery on April 30, 2014 (Pen. Code, § 211; count 1) and had resisted an executive officer on May 12, 2014 (*id.*, § 69; count 2). Appellant subsequently admitted the allegations. The court declared him a ward, designated both offenses as felonies, and placed him home on probation with terms and conditions. In June 2016, appellant was ordered to complete a camp community placement program.

In October 2016, appellant's probation officer filed a notice of probation violation under section 777 alleging that appellant had violated probation by (1) assaulting another juvenile at camp; (2) refusing to follow school regulations, resulting in his suspension; (3) assaulting a probation officer; and (4) attempting to start a fight by spitting at another juvenile. Following a hearing on December 22, 2016, the court found the alleged violations true and ordered appellant committed to DJF for a maximum period of five years and eight months.

Appellant was placed in juvenile hall while awaiting transfer to DJJ. The review process for his DJF commitment was delayed due to a deficiency in the commitment order regarding a prescribed medication. On March 9, 2017, DJJ sent the court a letter stating that appellant's commitment order had been rejected because his most recent offense of resisting an executive officer "is not described in subdivision (b) of Section 707 or subdivision (c) of Section 290.008 of the Penal Code." (§ 733(c).)

At an April 4, 2017 hearing, the prosecutor "[made] a motion to dismiss count 2, the PC 69, so that [appellant] would become eligible for a DJJ commitment." Appellant's attorney

2

objected and argued, "[t]his is post-disposition. The court has imposed the disposition. I would object to dismissing that count. [Appellant] previously admitted, and the court acted on that admission." Counsel added, "I think in this case post-disposition, I don't think the court has the power to dismiss the [count]."

The court granted the motion and stated, "my finding is that [appellant] is DJJ eligible because he's currently violent based upon his offenses both in—well, while he was in camp [*sic*]." The minute order of the hearing states that count 2 was dismissed and that "[t]his will now make [appellant] DJJ eligible."

## DISCUSSION

Appellant contends the juvenile court erred in granting the prosecution's post-disposition motion to dismiss count 2 of his section 602 petition for the sole purpose of rendering him eligible for a DJF commitment. We agree.

Section 733(c) provides that a juvenile may not be committed to DJF if he or she "has been or is adjudged a ward of the court pursuant to Section 602, and the most recent offense alleged in any petition and admitted or found to be true by the court is not described in subdivision (b) of Section 707 or subdivision (c) of Section 290.008 of the Penal Code." "[T]he language of section 733(c) is clear and lends itself to only one reasonable interpretation. The statute premises DJF eligibility on the nature of '*the most recent offense* alleged in *any* [section 602] *petition* and admitted or found to be true by the court.' (§ 733(c), italics added.) Plainly, this language refers to the last offense that was adjudicated to have been committed by the minor. A minor can be committed to DJF only if this particular offense is listed in section 707(b) or Penal Code section 290.008(c)." (*In re D.B.* (2014) 58 Cal.4th 941, 947 (*D.B.*).)

3

Here, the most recent offense alleged in appellant's section 602 petition and admitted by him was resisting an executive officer, in violation of Penal Code section 69. That offense is not listed in either section 707(b) or Penal Code section 290.008, subdivision (c). The juvenile court nevertheless ordered that appellant be committed to DJF after finding him in violation of his probation. After DJJ rejected the commitment pursuant to section 773(c), the court granted the prosecutor's motion to dismiss the section 69 count.

The People assert that the court had the authority to dismiss count 2 pursuant to section 782, as provided in *In re Greg F.* (2012) 55 Cal.4th 393, 416 (*Greg F.*). The court, however, never purported to invoke section 782. In any event, the People fail to establish that section 782 applies here.

"Section 782 provides in relevant part: 'A judge of the juvenile court in which a petition was filed . . . may dismiss the petition or may set aside the findings and dismiss the petition if the court finds that the interests of justice and the welfare of the [person who is the subject of the petition] require [that] dismissal, or if it finds that [he or she] is not in need of treatment or rehabilitation.' This [section] 'is a general dismissal statute' that is similar in its operation to Penal Code section 1385. [Citations.]" (*People v. Haro* (2013) 221 Cal.App.4th 718, 721, fn omitted; see *Greg F.*, *supra*, 55 Cal.4th at p. 416 ["similar to section 782, Penal Code section 1385 grants trial courts the power to dismiss a criminal action 'in furtherance of justice'"].)

In *Greg F.*, *supra*, 55 Cal.4th 393, our Supreme Court addressed "the interplay between" section 782 and section 733(c). (*Id.* at p. 400.) The minor in that case was the subject of a section 602 petition alleging he had committed an assault with a deadly weapon and by means of force likely to produce great bodily

4

injury (Pen. Code, § 245, subd. (a)(1)) with attendant enhancement allegations.  Because the assault offense is among those listed in section 707(b), the minor was eligible for a DJF commitment.  After the minor admitted the allegations, the juvenile court sustained the petition, declared the minor a ward of the court, and ordered an out-of-home placement.  (*Id.* at pp. 400-401.)  In doing so, the court rejected the probation department's recommendation that the minor be committed to DJF for a maximum term of 17 years.  The minor's out-of-home placement was subsequently terminated and he was detained in juvenile hall pending the determination of another suitable placement.  (*Id.* at p. 401.)

While the minor was in juvenile hall, he participated in an attack on other minors.  The prosecutor subsequently filed a new section 602 petition alleging the minor had committed battery for the benefit of a gang (Pen. Code, §§ 186.22, subd. (d), 242), and knowing participation in a gang (*id.*, § 186.22, subd. (a)), neither of which is listed in section 707(b).  After the minor admitted the battery offense and associated enhancement, the district attorney dismissed the gang participation count.  (*Greg F.*, *supra*, 55 Cal.4th at p. 401.)

*Prior to the disposition hearing*, the prosecutor filed a section 777 notice of probation violation based on the juvenile hall assault.  Admitting he had erred in filing a new section 602 petition instead of proceeding by way of a probation violation, the prosecutor moved to both set aside the minor's admission to the allegations of the petition and to dismiss the petition.  The prosecutor explained that he was "'trying to get to a [DJF-eligible] offense'" due to the probation department's concerns and noted that none of the available placements were willing to accept the minor.  (*Greg F.*, *supra*, 55 Cal.4th at p. 402.)  The

5

court granted the motion and dismissed the petition pursuant to section 782. (*Ibid.*) The Court of Appeal reversed, reasoning that section 733(c) prohibited the juvenile court from invoking section 782. (*Ibid.*)

In reversing, the Supreme Court held that "section 733(c) does not deprive the juvenile court of its discretion to dismiss a [section] 602 petition and commit a ward to DJF when, in compliance with section 782, such a dismissal is in the interests of justice and for the benefit of the minor." (*Greg F.*, *supra*, 55 Cal.4th at p. 402.) In explaining its holding, the court noted that "'[j]uvenile courts have long had the authority to dismiss juvenile matters *at the disposition stage of proceedings*. [Citation.]'" (*Id.* at p. 405, italics added.)

Here, the juvenile court did not dismiss a section 602 petition at the disposition stage of the proceedings; instead, it dismissed a single count in a section 602 petition almost three years *after* disposition. The People claim, however, that dictum in *Greg F.* suggests that the court's authority to dismiss a petition under section 786 includes the discretion to dismiss any part of such a petition and at any time. The referenced dicta was in response to the dissent's assertion that juvenile courts have no authority to dismiss a petition under section 782 once the allegations of the petition have been either admitted or found true. (*Greg F.*, *supra*, 55 Cal.4th at p. 413.) Although the majority rejected that assertion, it went on to recognize that "[d]ismissing a section 602 petition *after* disposition potentially raises a host of constitutional concerns not presented in the case before us. We express no opinion on whether such a dismissal could ever be appropriate." (*Id.* at p. 415.)

Moreover, the Supreme Court has since made clear that in enacting section 733(c) the Legislature expressly intended to

6

preclude a DJF commitment where, as here, the most recent offense admitted or found true in a minor's most recent section 602 is not among those listed in section 707(b) or Penal Code section 290.008(c). (*D.B.*, *supra*, 58 Cal.4th at p. 944.) After alluding to its suggestion in *Greg F.* that such an interpretation "'could lead to arbitrary and potentially absurd results in a multicount case,'" the court concluded that the potential consequences "are not so absurd that we must override the plain meaning of the statutory language. . . . The Legislature's primary purpose in enacting the statute was to reduce the number of juvenile offenders housed in state facilities by shifting responsibility to the county level "'for all but the most serious youth offenders.'" [Citations.] Although reasonable minds may debate the wisdom of the chosen approach, decisions about how to limit DJF commitments are the Legislature's to make." (*D.B.*, at pp. 947-948, italics omitted.) The court then added that "the difficulties the People identify can be avoided if care is taken in charging and adjudicating juvenile offenses. Prosecutors may elect not to allege nonqualifying offenses when their presence would affect a minor's DJF eligibility. Prosecutors can also dismiss nonqualifying offenses before a jurisdictional finding or as part of plea negotiations." (*Ibid.*)

Tellingly, the court made no mention of the juvenile court's authority to dismiss a section 602 petition (or any part thereof) pursuant to section 782. Equally telling is that the stated means by which *prosecutors* can avoid the restrictions of section 733(c) relate solely to their authority to "allege" offenses, and their power to "dismiss" offenses "before a jurisdictional finding or as part of plea negotiations," i.e., prior to disposition. (*D.B.*, *supra*, 58 Cal.4th at p. 948.)

7

The People make no meaningful effort to demonstrate that either juvenile court judges or prosecutors have post-dispositional authority to dismiss individual counts of a section 602 petition for the sole purpose of securing a DJF commitment. Even assuming that such authority might exist in a given case, we cannot find it so here. Appellant admitted the allegations of his section 602 petition in June 2014. The record of those proceedings is not part of the record on appeal. We thus have no idea whether appellant made the admissions pursuant to a plea agreement, or whether any representations were made with regard to his possible placements. Indeed, we do not have before us any record of the facts underlying the offense that purportedly qualifies him for a DJF commitment.

Moreover, a dismissal under section 782 must be supported by a statement of reasons set forth in the minutes. (*In re Juan C.* (1993) 20 Cal.App.4th 748, 751-753; Cal. Rules of Court, rule 5.770(a).) This requirement is mandatory, not directory. (*Juan C.* at p. 753.) Accordingly, the failure to comply with this requirement renders the dismissal "without effect." (*Ibid.*)

Here, the minutes state that the court was dismissing count 2 and that "[t]his will now make the minor DJJ eligible." This is a plainly insufficient statement of reasons for the dismissal. The People offer that the court stated on the record its finding that appellant was "DJJ eligible because he's currently violent . . . while he was in camp [*sic*]." This is also insufficient. "'It is not enough that on review the reporter's transcript may show the trial court's motivation; the *minutes* must reflect the reason "so that all may know why this great power was exercised."' [Citations.]" (*In re Juan C.*, *supra*, 20 Cal.App.4th at p. 753.)

On the sparse record before us, it would also be impossible to determine whether the court's decision to dismiss the resisting charge (Pen. Code, § 69) for the sole purpose of securing a DJF commitment was a proper exercise of discretion.  (See *Greg F.*, *supra*, 55 Cal.4th at p. 418.)  In enacting section 733(c), the Legislature sought to "shift[] responsibility to the county level "'for all but the most serious youth offenders.'"  [Citations.]" (*D.B.*, *supra*, 58 Cal.4th at p. 948.)  As we have noted, the record is devoid of any facts regarding the violent offense upon which appellant's DJF commitment was purportedly premised. Although the behavior that led to the violation of his probation is problematic, it does not come close to demonstrating he is among the most serious of youth offenders in this state.  The dismissal thus cannot stand.

## DISPOSITION

The order committing appellant to DJF is reversed.  The matter is remanded for a new disposition hearing on the section 777 probation violation.

CERTIFIED FOR PUBLICATION.


PERREN, J.

We concur:



GILBERT, P. J.



TANGEMAN, J.

9

Fred J. Fujioka, Judge

Superior Court County of Los Angeles

_____

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Shawn McGahey Webb and Michael R. Johnsen, Supervising Deputy Attorneys General, for Plaintiff and Respondent.