Filed 9/9/20

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re K.W., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>K.W.,<br><br>    Defendant and Respondent. | E073894<br><br>(Super.Ct.No. J271424)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Pamela P. King, Judge.  Reversed.

Jason Anderson, District Attorney, and Brent J. Schultze, Deputy District Attorney, for Plaintiff and Appellant.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Respondent.

Pursuant to a plea bargain, minor K.W. admitted one count of robbery; counts alleging kidnapping, brandishing, and vandalism were dismissed.  After he completed

1

probation, he moved to seal the record under section 786.[1]  He was not eligible for

sealing, because robbery is one of the crimes listed in section 707, subdivision (b)

(section 707(b) offense).  The trial court, however, reduced the adjudication to the lesser

included offense of grand theft, which is not a section 707(b) offense; it then granted the

motion to seal.  As support for its authority to reduce the adjudication, it cited section

775, which allows it to modify its previous orders; it also cited section 786 itself.

The People appeal.  They contend that:

1.  The juvenile court lacked the authority to reduce the adjudication.

2.  Reducing the adjudication violated the plea bargain.

We will hold that the statutes the juvenile court cited — sections 775 and 786 —

did not give it any authority to reduce the conviction.  We will also hold that section 782,

which allows the juvenile court to "set aside the findings and dismiss the petition" in the

interest of justice, does not authorize the juvenile court to reduce an adjudication, at least

when doing so would violate a plea bargain, as it would here.

I

FACTUAL AND PROCEDURAL BACKGROUND

In June 2017, the People filed a delinquency petition which, as subsequently

amended, alleged:

Count 1:  Simple kidnapping.  (Pen. Code, § 207, subd. (a).)

---

**1**       This and all further statutory citations are to the Welfare and Institutions
Code, unless otherwise indicated.

2

Count 2:  Second degree robbery.  (Pen. Code, § 211.)

Count 3:  Brandishing a deadly weapon.  (Pen. Code, § 417, subd. (a)(1).)

Count 4:  Felony vandalism.  (Pen. Code, § 594, subd. (b)(1).)

Pursuant to a plea bargain, the minor admitted the second degree robbery count; the other counts were dismissed.[2]  The plea bargain did not specify any particular disposition.

At a further hearing, the minor was declared a ward, placed in the custody of the probation officer, and committed to the Gateway Program.[3]  Eighteen months later, he completed the program and started "aftercare supervision."

At that point, the minor moved to seal the case under section 786.[4]  The People filed an opposition to the motion, arguing, among other things, that section 786, subdivision (d) (section 786(d)), by its terms, prohibited the court from sealing an adjudication for robbery committed when the minor was 14 or older.

The minor then filed a motion to reduce or dismiss the robbery adjudication, citing section 775 and section 782.  The People filed an opposition to the motion.  While the

---

[2]    According to police reports, the minor had confessed to two robberies in addition to the one charged.  As part of the plea bargain, it was stipulated that the other robberies would "merge" with the charged robbery.

[3]    "[T]he Gateway Program [is] a residential program which utilizes evidence-based assessments, treatments and evaluations aimed at reducing recidivism."  (S.B. County Behavioral Health, Gateway Program, http://wp.sbcounty.gov/dbh/mental-health-services/children-youth/jjp/gateway, as of Sept. 4, 2020.)

[4]    The motion also cited, alternatively, section 781.  In this appeal, the minor disclaims any reliance on section 781.

motion was pending, the trial court found that the minor had satisfactorily completed probation and dismissed the petition.

After hearing argument, the trial court reduced the adjudication to grand theft from the person (§ 487, subd. (c)), citing section 775 and section 786(d); it then granted the motion to seal.

The People filed a timely notice of appeal.

II

APPEALABILITY

In a juvenile delinquency matter, the People may appeal from "[a]n order modifying the jurisdictional finding by . . . modifying the offense to a lesser offense." (§ 800, subd. (b)(3).)

The People have no right to appeal from an order sealing a minor's juvenile court records. (*People v. Superior Court* (2002) 104 Cal.App.4th 915, 922-924.) Here, however, if we reverse the order reducing the adjudication, that will effectively also reverse the sealing order. "Our unqualified reversal automatically remands the matter for renewed proceedings and places the parties in the same position as if the matter had never been heard. [Citation.]" (*Barron v. Superior Court* (2009) 173 Cal.App.4th 293, 300; see also Code Civ. Proc., § 908 ["When the judgment or order is reversed . . . , the reviewing court may direct that the parties be returned so far as possible to the positions they occupied before the enforcement of . . . the judgment or order."].) Even assuming

4

we lack jurisdiction to reverse the sealing order ourselves, the trial court would be required to vacate it on remand.  (See *Allen v. Smith* (2002) 94 Cal.App.4th 1270, 1284.)

III

THE JUVENILE COURT'S AUTHORITY TO REDUCE AN ADJUDICATION

As mentioned, the People contend that the trial court erred by reducing the robbery adjudication, purportedly on the authority of section 775.

In the lower court, there was a discussion of the interplay of all the various statutes.  The People did not articulate precisely this contention, in so many words.  The juvenile court, however, recognized that the issue was presented for decision:  "[Y]ou are suggesting that 775 does not authorize the changing of a true finding of a charge."  That was sufficient to preserve it for appeal.  In any event, "we may consider new arguments that present pure questions of law on undisputed facts.  [Citations.]"  (*People v. Runyan* (2012) 54 Cal.4th 849, 859, fn. 3.)  This would be such an argument.

Section 775, in its entirety, provides:  "Any order made by the court in the case of any person subject to its jurisdiction may at any time be changed, modified, or set aside, as the judge deems meet and proper, subject to such procedural requirements as are imposed by this article."

Section 775 traces back to at least 1915.  (Stats. 1915, ch. 631, § 9, pp. 1232-1233.)  In 1961, when it was enacted in its present form (Stats. 1961, ch. 1616, § 2, p. 3491), it was part of a single set of statutes that governed both delinquency and dependency proceedings.  (See *id*. at p. 3471.)  In 1976, the Juvenile Court Law was split

5

into separate dependency (§ 300 et seq.) and delinquency provisions (§ 601 et seq.). Section 775 continued to apply to delinquency proceedings; section 385 was newly enacted to apply to dependency proceedings. (Stats. 1976, ch. 1068, § 12, p. 4779.) The wording of the two pairs of statutes, however, was word-for-word identical. Accordingly, authorities construing section 385 are persuasive in construing section 775.

Under section 775, "the juvenile court may modify an order that contains a clerical error, [and] may also reconsider the substance of a previous order the court considers to have been erroneously, inadvertently or improvidently granted. [Citations.]" (*Nickolas F. v. Superior Court* (2016) 144 Cal.App.4th 92, 116 [construing section 385; accord, *In re G.B.* (2014) 227 Cal.App.4th 1147, 1160 [construing section 385].) Despite its apparent breadth, section 775 "does not authorize the court to make substantive changes or modifications that otherwise exceed the court's jurisdiction." (*In re Luke H.* (2013) 221 Cal.App.4th 1082, 1089 [construing section 385].)

The minor asserts that section 775 does not require a showing of good cause. We disagree. Its requirement that the judge must deem the modification "meet and proper" is the same as requiring that the judge must find good cause. And that finding is subject to appellate review. It has been held that "the court must have substantial reasons" for modifying a prior order under section 775; should it do so, "the question . . . would be of whether or not the court had abused its discretion . . . ." (*People v. De Fehr* (1927) 81 Cal.App. 562, 574 [decided under predecessor of section 775].)

At the jurisdictional hearing in a delinquency proceeding under section 602, the juvenile court must determine whether the minor has "violate[d] any law . . . or any ordinance . . . ."  (§§ 602, subd. (a), 701, 702.)  It must also determine what specific offense or offenses the minor has committed.  (*In re J.T.* (1974) 40 Cal.App.3d 633, 640.)  It cannot find that an allegation is true unless it is convinced beyond a reasonable doubt.  (*In re Winship* (1970) 397 U.S. 358, 368; § 701; Cal. Rules of Court, rule 5.780(e).)  At the same time, however, if it *is* convinced beyond a reasonable doubt, it "*must*" find that the allegation is true.  (Cal. Rules of Court, rule 5.780(e) & (e)(3), italics added.)  To do otherwise would be a form of jury nullification — or, more accurately, "trier of fact nullification."  "[A]lthough jurors have the 'power' to engage in jury nullification, they have no legal authority to do so."  (*People v. Estrada* (2006) 141 Cal.App.4th 408, 410.)  The court, at least as much as a jury, is required to follow the law.

It follows that section 775 does not give the juvenile court the authority to reduce or modify an adjudication, in the absence of circumstances showing that the original adjudication was somehow flawed — e.g., ineffective assistance of counsel or new evidence.  (See *In re Edward S.* (2009) 173 Cal.App.4th 387, 398, fn. 3 [ineffective assistance of counsel]; *In re Steven S.* (1979) 91 Cal.App.3d 604, 607 [new evidence].)

In his motion to reduce or dismiss the robbery adjudication, the minor cited his successful completion of the Gateway Program and his plans for living independently.  These were arguably good reasons to dismiss the petition and to terminate delinquency jurisdiction; however, they were not circumstances that were in any way relevant to the

validity of the original adjudication. Making it possible to seal the record under section 786 was not a changed circumstance at all; and in addition, it, too, was irrelevant to the validity of the original adjudication. Accordingly, the trial court erred by reducing the adjudication based on section 775.

We might be able to find the error harmless if the trial court had the power to reduce the adjudication under some other statute. Section 782 gives the juvenile court the power to "dismiss the petition, or may set aside the findings and dismiss the petition," in the interests of justice and of the welfare of the minor. This power resembles, in some (but not all) respects, the power of a trial court in an adult criminal case to dismiss an action or a count under Penal Code section 1385. (*In re A.O.* (2017) 18 Cal.App.5th 390, 394; *People v. Haro* (2013) 221 Cal.App.4th 718, 720; but see *In re Greg F.* (2012) 55 Cal.4th 393, 416 ["The analogy between section 782 and Penal Code section 1385 is . . . flawed . . . ."].) It is unclear, however, whether a juvenile court can exercise this power after disposition. (See *In re Greg F.*, *supra*, 55 Cal.4th at p. 415; *In re A.O.*, *supra*, 18 Cal.App.5th at p. 396; Cal. Rules of Court, rule 5.790(a).) Moreover, the wording of section 782 suggests that the juvenile court can use it to set aside an adjudication, but not to reduce an adjudication to a lesser included offense. (But see *People v. Marsh* (1984) 36 Cal.3d 134, 143 ["'The authority to dismiss the whole includes, of course, the power to dismiss or "strike out" a part.' [Citation.]"].)

We need not resolve these uncertainties, because section 782 did not apply here for a different reason: The juvenile court cannot wield its power under section 782 when

8

doing so would deprive a party of the benefit of a plea bargain. (*V.C. v. Superior Court* (2009) 173 Cal.App.4th 1455, 1465-1467, disapproved on other grounds in *In re Greg F.*, *supra*, 55 Cal.4th at p. 415.) A dismissal that violates a plea bargain simply is not in the interest of justice. (*V.C.* at pp. 1464-1465.) In *V.C.*, it was the minor who was deprived of his rights under the plea bargain. (*Id*. at pp. 1460, 1465.) The court's holding, however, did not depend on whose ox was gored. To the contrary, the court recognized "'" . . . the rule "that . . . 'furtherance of justice,' requires consideration both of the constitutional rights of the defendant, and the interests of society represented by the People[.]"'" [Citation.]" (*Id*. at p. 1465.)

Here, assuming the juvenile court could reduce the adjudication under section 782 at all, doing so would violate the plea bargain. The People specifically bargained for the minor to admit one count of robbery. In return, counts alleging kidnapping, brandishing, and vandalism were dismissed, and the People gave up their right to charge two additional robberies. Thus, the minor's admission of robbery was a material term of the plea bargain. Indeed, it was the *only* benefit the People obtained (other than avoiding a trial, which benefited both sides).

Finally, in addition to section 775, the trial court also cited section 786(d). That subdivision provides: "A court shall not seal a record or dismiss a petition pursuant to this section if the petition was sustained based on the commission of [a section 707(b)] offense . . . that was committed when the individual was 14 years of age or older *unless*

*the finding on that offense was dismissed or was reduced to a misdemeanor or to a lesser offense that is not* [*a section 707(b) offense*]." (Italics added.)

This language is not a separate source of authority to dismiss or reduce an adjudication. That is apparent from its use of "was," rather than "is." If this language allowed the trial court to dismiss or reduce an adjudication solely to permit sealing, it would say, "unless the finding on that offense *is* dismissed or *is* reduced to a misdemeanor or to a lesser offense" — i.e., at the same time as the juvenile court grants the motion to seal. By using "was," this subdivision requires that the dismissal or reduction have already been made, pursuant to some other authorizing statute.

On remand, the minor can still seek sealing of the record under section 781, rather than section 786. Under that section, a minor who has committed a section 707(b) offense can obtain sealing; however, the minor must show "that since the termination of jurisdiction . . . , the [minor] has not been convicted of a felony or of any misdemeanor involving moral turpitude and that rehabilitation has been attained . . . ." (§ 781, subd. (a)(1)(A).) Also, the record, although sealed, remains available, under certain circumstances, to the prosecution and to the court. (§ 781, subd. (a)(1)(D)(ii), (iii).)

## IV

## DISPOSITION

The order appealed from is reversed.

CERTIFIED FOR PUBLICATION

RAMIREZ
P. J.

We concur:

McKINSTER
J.

MILLER
J.