Filed 4/3/14

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| In re D.B., a Person Coming Under the Juvenile Court Law. _____ | ) ) ) ) | |
| THE PEOPLE, | ) ) | |
| Plaintiff and Respondent, | ) ) | S207165 |
| v. | ) ) | Ct.App. 3 C067353 |
| D.B., | ) ) | Sacramento County |
| Defendant and Appellant. _____ | ) ) | Super. Ct. No. JV125361 |

In this case, we answer a question we anticipated but left unresolved in *In re Greg F.* (2012) 55 Cal.4th 393 (*Greg F.*): When a Welfare and Institutions Code section 602[1] petition alleges a minor has committed a series of criminal offenses, including serious or violent offenses, can the minor be committed to the Department of Corrections and Rehabilitation, Division of Juvenile Facilities (DJF) if the last offense in the series is nonviolent? We hold that the answer is no.

Section 733, subdivision (c) (section 733(c)) generally prohibits a DJF commitment unless "the most recent offense alleged in any petition and admitted or found to be true by the court" is a violent or serious offense listed in section 707, subdivision (b) (section 707(b)) or a sex offense listed in Penal Code

---

[1] All unspecified statutory references are to the Welfare and Institutions Code.

1

section 290.008, subdivision (c) (Penal Code section 290.008(c)). The Court of Appeal interpreted this language to mean that a DJF commitment is available only if a juvenile's *most recently committed* offense is listed in the relevant statutes. The People object that this interpretation could produce absurd consequences when, as in this case, a juvenile's violent crime spree happens to end with a nonviolent offense. They contend DJF eligibility under section 733(c) requires only that at least one of the offenses, *most recently alleged in a petition and found true*, be listed in section 707(b) or Penal Code section 290.008(c).

The People's interpretation is at odds with the clear statutory language. The statute premises DJF eligibility on the nature of a minor's "most recent offense" alleged in any section 602 petition and admitted or found true by the court. When a law is unambiguous, we must conclude the Legislature meant what it said even if the outcome strikes us as unwise or disagreeable. The plain language of section 733(c) mandates that a minor may not be committed to DJF unless the most recently committed offense that is alleged in any wardship petition, then admitted or found true, is listed in section 707(b) or Penal Code section 290.008(c).

## I. BACKGROUND

Around 2:00 a.m. on May 23, 2010, Marcus Robinson was parked in front of his mother's house, talking on a cellular phone. D.B. and another person approached and asked to use the phone. As he returned the phone, D.B. reached through the window and punched Robinson in the face. Robinson tried to run but he was grabbed from behind, punched repeatedly, and pinned to the ground. One of the assailants bit his hand, forcing him to release the car keys. D.B. and his companion took Robinson's wallet, neck chain, and car keys, then drove off in his car. Robinson suffered a broken jaw.

Later that day, police officers saw D.B. fail to stop at a stop sign. At the time, D.B. was driving a different vehicle, stolen the night before. Officers

followed him with flashing lights and a siren, but D.B. sped away, eventually crashing into a curb. D.B. and his two passengers escaped on foot.

A week later, a police officer in Robinson's neighborhood stopped D.B. because he matched the description of Robinson's attacker. D.B. gave a false name. When the officer tried to detain him, D.B. ran but was soon apprehended. Robinson saw the chase, approached police at the scene, and identified D.B.

D.B.'s wardship petition included counts based on these incidents. The petition alleged that on May 23, 2010, D.B. committed seven offenses: carjacking (Pen. Code, § 215), robbery (Pen. Code, § 211), battery with great bodily injury (Pen. Code, § 243, subd. (d)), vehicle theft (Veh. Code, § 10851, subd. (a)), possession of stolen property (Pen. Code, § 496d, subd. (a)), evading the police (Veh. Code, § 2800.2, subd. (a)), and resisting arrest (Pen. Code, § 148, subd. (a)(1)). Robbery is a section 707(b) offense. (§ 707, subd. (b)(3).)[2] The petition further alleged that on May 30, 2010, D.B. resisted arrest and falsely identified himself to a police officer (Pen. Code, § 148.9, subd. (a)). Neither of these offenses is listed in section 707(b).

The juvenile court found the allegations true and sustained the petition. It committed D.B. to DJF for the maximum term of 11 years 8 months. The Court of Appeal reversed this disposition, holding that the plain language of section 733(c) prohibits a DJF commitment when the minor's most recent offense is not listed in section 707(b) or Penal Code section 290.008(c). We affirm.

## II. DISCUSSION

This case poses a straightforward question of statutory interpretation, and we approach it in the familiar framework. Our fundamental task is to determine the Legislature's intent and give effect to the law's purpose. (*Greg F.*, *supra*, 55 Cal.4th at p. 406.) We begin by examining the statute's words " 'because they

---

[2]     Section 707(b) also includes carjacking but only if the thief is armed with a deadly weapon. (§ 707, subd. (b)(25).)

generally provide the most reliable indicator of legislative intent.' [Citation.] If the statutory language is clear and unambiguous our inquiry ends." (*Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1103.) However, we "will not give statutory language a literal meaning if doing so would result in absurd consequences that the Legislature could not have intended. [Citations.]" (*In re J. W.* (2002) 29 Cal.4th 200, 210.)

Section 733(c) states that a juvenile may not be committed to DJF if "[t]he ward has been or is adjudged a ward of the court pursuant to Section 602, and the most recent offense alleged in any petition and admitted or found to be true by the court is not described in subdivision (b) of Section 707 or subdivision (c) of Section 290.008 of the Penal Code."[3] The Court of Appeal found this language unambiguous. Focusing on the phrase "most recent offense," the court concluded that the plain language of section 733(c) describes an offense adjudicated as having been the last committed. If that offense is not listed in section 707(b) or Penal Code section 290.008(c), a DJF commitment is barred. In other words, a minor's eligibility for DJF depends entirely on whether the last offense he is found to have committed was a qualifying offense. (See *V.C. v. Superior Court* (2009) 173 Cal.App.4th 1455, 1468 [holding in a related context that "it is the minor's most recent offense that determines the minor's eligibility for DJF commitment"].)

The People offer a different interpretation. Focusing on the language requiring that a DJF-eligible offense be "alleged in any petition and admitted or found to be true by the court," the People contend section 733(c) requires only that an offense listed in section 707(b) or Penal Code section 290.008(c) be among those most recently *alleged in a petition and found true*.

As this case illustrates, the two formulations can have profoundly different consequences when applied to a multicount petition. Under the Court of Appeal's

---

**3** Penal Code section 290.008(c) lists sex offenses that require registration by juvenile offenders under the Sex Offender Registration Act. It is not at issue here.

interpretation, DJF eligibility depends entirely on the nature of the minor's most recent alleged and sustained offense. Thus, when the juvenile court sustains a section 602 petition alleging a mixture of violent and nonviolent offenses, a DJF commitment is prohibited if the last adjudicated offense happened to be nonviolent. The alternate interpretation suggested by the People does not so constrain the juvenile court's discretion. It would not focus on the last offense found to have been *committed* by the minor. Instead, it would include all the offenses adjudicated in the most recent *petition* brought against the minor. Under this view, if any offense alleged in the minor's most recent section 602 petition is serious or violent, a court sustaining such an allegation could commit the minor to DJF.

We agree with the Court of Appeal that the language of section 733(c) is clear and lends itself to only one reasonable interpretation. The statute premises DJF eligibility on the nature of "*the most recent offense* alleged in *any petition* and admitted or found to be true by the court." (§ 733(c), italics added.) Plainly, this language refers to the last offense that was adjudicated to have been committed by the minor. A minor can be committed to DJF only if this particular offense is listed in section 707(b) or Penal Code section 290.008(c).

In contrast, the People contend section 733(c) allows a DJF commitment to be based on *any* of the offenses alleged in a juvenile's most recent section 602 petition. This interpretation is both broader and narrower than the language of the statute supports. It is broader because the language of section 733(c) predicates DJF eligibility on the nature of a *single* offense, i.e., "*the* most recent offense" alleged and found true. (Italics added.) However, the People's reading would allow eligibility to rest on any one of several offenses potentially alleged in the most recent section 602 petition. It is narrower because it focuses only on the last petition filed against a minor even though the statute uses the inclusive phrase "any petition." If the phrase "most recent" in section 733(c) was meant to describe the section 602 petition and not the minor's offense, the word "any"

5

would not appear immediately before the word "petition." In essence, the People's interpretation would invert the statutory language to hold that *any offense* alleged in *the most recent petition* can be the basis for DJF eligibility. No matter how sensible this interpretation might be in practice, we may not distort the plain language of the statute to reach that result.

The People urge us to ignore the plain meaning of the statute because it would produce absurd consequences. (See *Greg F.*, *supra*, 55 Cal.4th at p. 406; *People v. Mendoza* (2000) 23 Cal.4th 896, 908.) When the court finds that a minor has committed a series of crimes, the court's ability to impose a DJF commitment depends entirely on the type of offense the minor happened to commit last. We recently anticipated this problem. In *Greg F.,* we observed: "Although section 733(c) premises eligibility for DJF on the nature of 'the most recent offense alleged in any petition,' focusing on the most recently committed offense could lead to arbitrary and potentially absurd results in a multicount case. A minor who commits a string of violent acts would be immunized from a DJF commitment if the crime spree happened to end with a nonqualifying offense." (*Greg F.*, at p. 412.) Premising DJF eligibility on the nature of the most recently committed offense could thus reward a minor for committing *more* crimes.

In addition, because section 733(c) examines only the last offense committed, the statute will sometimes require that currently violent offenders and sex offenders be placed in local settings with juveniles whose offenses are far less serious. This case illustrates the problem. D.B. viciously attacked and robbed an unarmed, unsuspecting victim. Later that same day, he fled from the police in a stolen car. A week later, when confronted by police officers investigating these very crimes, he gave a false name and ran away. The minor's attempts to evade the police do not make him any less a violent offender, as demonstrated by the crimes he committed a week earlier.

These potential consequences are certainly troubling. However, they are not so *absurd* that we must override the plain meaning of the statutory language.

6

To justify departing from a literal reading of a clearly worded statute, the results produced must be so unreasonable the Legislature could not have intended them. (See *Cassel v. Superior Court* (2011) 51 Cal.4th 113, 136.)  We cannot so conclude here.  Section 733(c) was enacted as part of comprehensive realignment legislation.  (*Greg F.*, *supra*, 55 Cal.4th at p. 409.)  The Legislature's primary purpose in enacting the statute was to reduce the number of juvenile offenders housed in state facilities by shifting responsibility to the county level " 'for all but the most serious youth offenders.' "  (*In re N.D.* (2008) 167 Cal.App.4th 885, 891; see *Greg F.*, at pp. 409-410.)  Although reasonable minds may debate the wisdom of the chosen approach, decisions about how to limit DJF commitments are the Legislature's to make.

Moreover, the difficulties the People identify can be avoided if care is taken in charging and adjudicating juvenile offenses.  Prosecutors may elect not to allege nonqualifying offenses when their presence would affect a minor's DJF eligibility.  Prosecutors can also dismiss nonqualifying offenses before a jurisdictional finding or as part of plea negotiations.

When statutory language is unambiguous, we must follow its plain meaning " ' "whatever may be thought of the wisdom, expediency, or policy of the act, even if it appears probable that a different object was in the mind of the legislature." ' "  (*People v. Weidert* (1985) 39 Cal.3d 836, 843; see also *California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 632.)  The language of section 733(c) is clear.  It prohibits a DJF commitment unless the most recent offense alleged in any petition and admitted or found true is listed in section 707(b) or Penal Code section 290.008(c).  (§ 733(c).)  We are not free to rewrite the law simply because a literal interpretation may produce results of arguable utility.  The Legislature, of course, remains free to amend section 733(c) if the language it has enacted is now understood to create unintended consequences.

## III.  DISPOSITION

The judgment of the Court of Appeal is affirmed.

**CORRIGAN, J.**

**WE CONCUR:**

**CANTIL-SAKAUYE, C. J.**
**KENNARD, J.**
**BAXTER, J.**
**WERDEGAR, J.**
**CHIN, J.**
**LIU, J.**

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** In re D.B.
_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 210 Cal.App.4th 1035
**Rehearing Granted**


_____

**Opinion No.** S207165
**Date Filed:** April 3, 2014
_____

**Court:** Superior
**County:** Sacramento
**Judge:** Stacy Boulware Eurie


_____

**Counsel:**

Robert McLaughlin, under appointment by the Supreme Court, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman, Michael Dolida and Eric L. Christoffersen, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Robert McLaughlin
Law Office of Robert McLaughlin
31441 Santa Margarita Parkway, Suite A-135
Rancho Santa Margarita, CA  92688
(949) 280-8022

Eric L. Christoffersen
Deputy Attorney General
1300 I Street, Suite 125
Sacramento, CA  94244-2550
(916) 445-8538