Filed 7/16/14  In re Joshua M. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re JOSHUA M., a Person Coming Under the Juvenile Court Law. | B249372<br>(Los Angeles County<br>Super. Ct. No. JJ19796) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSHUA M.,<br><br>    Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Irma J. Brown, Judge.  Affirmed in part, reversed in part and remanded with directions.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Joshua M. appeals from the juvenile court's order committing him to the California Department of Corrections and Rehabilitation, Division of Juvenile Facilities (DJF) on his most recently sustained Welfare and Institutions Code section 602 petition.[1] We reverse the disposition order and remand for a new disposition hearing in light of the California Supreme Court's recent decision in *In re D.B.* (2014) 58 Cal.4th 941.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

In a previously sustained section 602 petition, Joshua was found to have committed burglary (Pen. Code, § 459) on September 10, 2010, declared a ward of the juvenile court and ordered home on probation. Burglary is not among the serious or violent felony offenses enumerated in section 707, subdivision (b).

In 2012, the People filed a section 602 petition charging Joshua, then 15 years old, with committing one count of sodomy by use of force (Pen. Code, § 286, subd. (c)(2)(C)), two counts of forcible lewd acts upon a child (Pen. Code, § 288, subd. (b)(1)) and one count of forcible oral copulation (Pen. Code, § 288a, subd. (c)(2)) on or between October 1 and 31, 2009 based on allegations he had physically coerced Christopher W., then nine years old, to engage in a series of sexual acts.[3]

At the jurisdiction hearing, the juvenile court found the allegations true and sustained the petition. Sodomy by force, forcible lewd acts upon a child and oral copulation by force are included in the offenses listed in section 707, subdivision (b). (See § 707, subd. (b)(5), (6) & (7), respectively.) After rejecting Joshua's argument that he was statutorily ineligible for DJF commitment, the juvenile court ordered him committed to DJF for a period not to extend beyond his 22nd birthday.

---

[1]     Statutory references are to the Welfare and Institutions Code, unless otherwise indicated.

[2]     In light of *In re D.B.*, *supra,* 58 Cal.4th 941, we do not address Joshua's contention that the juvenile court abused its discretion by committing him to DJF.

[3]     An additional charge of dissuading a witness from reporting a crime (Pen. Code, § 136.1, subd. (b)(1)) was dismissed on the People's motion.

## DISCUSSION

Section 733 provides that a minor may not be committed to DJF "if the ward has been or is adjudged a ward of the court pursuant to Section 602, and the most recent offense alleged in any petition and admitted or found to be true by the court is not described in subdivision (b) of Section 707 or subdivision (c) of Section 290.008 of the Penal Code." (§ 733, subd. (c).)

On appeal, Joshua contends the most recently committed offense rather than the most recent petition filed determines whether a ward may be committed to the DJF and the juvenile court abused its discretion by ordering him committed to the DJF.

During the pendency of this appeal, the California Supreme decided *In re D.B*, *supra*, 58 Cal.4th 941, in which a minor was charged in a wardship petition with a series of crimes, including robbery, a section 707, subdivision (b) offense. The petition further alleged on a later date the minor resisted arrest and falsely identified himself to a police officer. Neither of these offenses is listed in section 707, subdivision (b). (*In re D.B., supra,* 58 Cal.4th at p. 945.) The juvenile court found the allegations true, sustained the petition and committed the minor to DJF. (*Ibid.*)

The California Supreme Court determined section 733, subdivision (c) prohibits a minor from being committed to DJF where a section 602 petition alleges the minor has committed a series of criminal offenses, including serious or violent offenses and the last offense in the series is nonviolent. (*In re D.B., supra,* 58 Cal.4th at p. 944.) After noting the "statute premises DJF eligibility on the nature of 'the most recent offense alleged in any petition and admitted or found true by the court,'" the Court explained that "[w]hen a law is unambiguous, we must conclude the Legislature meant what it said even if the outcome strikes us as unwise or disagreeable." (*Ibid.)* Accordingly, the plain language of the statute "mandates that a minor may not be committed to DJF unless the most recently committed offense that is alleged in any wardship petition, then admitted or found true, is listed in section 707 [subdivision] (b) or Penal Code section 290.008 [subdivision] (c)." (*Ibid.*)

3

The Court in *In re D.B.* acknowledged because section 733, subdivision (c) "examines only the last offense committed, the statute will sometimes require that currently violent offenders and sex offenders be placed in local settings with juveniles whose offenses are far less serious," and "these potential consequences are certainly troubling." (*In re D.B.*, *supra,* 58 Cal.4th at p. 948.) Nonetheless, the Court determined the consequences were not "so *absurd* that we must override the plain meaning of the statutory language." (*Ibid.*; italics in original.) The statute was enacted to limit DJF commitments "by shifting responsibility to the county level '"for all but the most serious youth offenders."'" (*Ibid.*) Although the Legislature's chosen approach may have unintended consequences, any changes to the statutory language are solely for Legislature to make. (*Ibid.*) Additionally, prosecutors can avoid such difficulties by using care in charging and adjudicating juvenile offenses. (*Id.* at p. 948.)

The instant case presents another unintended consequence of section 733, subdivision (c) as written. Because Joshua's "most recent offense" within the meaning of the statute was burglary, which is not listed in section 707, subdivision (b), his commitment to DJF based on his earlier, but more recently adjudicated, sexual offenses was an unauthorized disposition.

## DISPOSITION

The disposition order is reversed and the matter remanded for the limited purpose of conducting a new disposition hearing. The jurisdiction finding is affirmed.


**WOODS, J.**

**We concur:**


**PERLUSS, P. J.**                                    **ZELON, J.**


4