Filed 11/12/20  P. v. Majied CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074375 |
| v. | (Super.Ct.No. RIF1411978) |
| DAVID MALARCHER MAJIED, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.  Affirmed.

Daniel J. Kessler, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Adrian R. Contreras, Deputy Attorney General, for Plaintiff and Respondent.

1

## INTRODUCTION

In 2015, a jury found defendant and appellant David Malarcher Majied guilty of first degree attempted murder (Pen. Code,[1] §§ 664, 187, subd. (a)), along with other crimes. In 2019, Senate Bill No. 1437 (Reg. Sess. 2017-2018) went into effect and now allows a defendant who was convicted of murder to petition a court under section 1170.95 to have the murder conviction vacated. Defendant filed a petition under section 1170.95. The trial court dismissed his petition because he was convicted of attempted murder, not murder.

Defendant appeals, arguing the provisions of Senate Bill No. 1437 should apply to defendants convicted of attempted murder. We disagree and affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

Defendant and another man tried to rob a marijuana dispensary on May 2, 2014. Both men were armed. A dispensary employee was also armed, and when he drew his gun, one of the intruders shot at the employee, and he returned fire. The intruders and the employee continued to exchange gunfire until the intruders fled in a vehicle.

On January 30, 2015, a jury found defendant guilty of attempted murder (§§ 664, 187, subd. (a), count 1), assault with a firearm (§ 245, subd. (a)(2), count 2), attempted

---

[1] All further statutory references will be to the Penal Code unless otherwise noted.

[2] This brief factual summary is taken from our prior unpublished opinion. (See *People v. Majied* (Jan. 23, 2017, E064830) [nonpub. opn.].) We took judicial notice of this opinion, pursuant to defendant's request.

robbery (§§ 664, 211, count 3), and burglary (§ 459, count 4). As to count 1, the jury also found true a firearm enhancement. (§§ 12022.53, subd. (c), 1192.7, subd. (c)(8).) Defendant admitted he had served four prior prison terms. (§ 667.5, subd. (b).) On September 18, 2015, a trial court sentenced him to a total term of 13 years in state prison.

Defendant appealed, and this court affirmed the judgment. (*People v. Majied*, *supra*, E064830.)

On March 13, 2019, defendant filed a petition for resentencing under section 1170.95, in propria persona, alleging that he was convicted of attempted second degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine, and that he could not now be convicted of attempted second degree murder because of the amendments to sections 188 and 189. He also requested appointment of counsel. The People moved to strike defendant's petition, arguing that Senate Bill No. 1437 is unconstitutional because it unlawfully amended Proposition 7 and Proposition 115, violated the separation of powers doctrine, and conflicted with the Victims' Bill of Rights Act of 2008. The People also argued that Senate Bill No. 1437 does not apply to attempted murder. The trial court appointed a public defender to represent defendant, and counsel filed a reply brief arguing that defendant had set forth a prima facie case for relief.

On November 22, 2019, the court held a hearing on the petition. The People argued that the petition should be dismissed because it involved attempted murder. The

3

court stated that *People v. Munoz*[3] was "still controlling authority" and granted the People's request.

DISCUSSION

Senate Bill No. 1437 Does Not Apply to Attempted Murder

Defendant argues that Senate Bill No. 1437, including the petitioning procedure in section 1170.95, applies to convictions for both murder and attempted murder. We disagree and conclude that the court properly dismissed his petition.

A. *Senate Bill No. 1437*

On September 30, 2018, the Governor signed Senate Bill No. 1437. (*People v. Martinez* (2019) 31 Cal.App.5th 719, 722-723 (*Martinez*).) "The legislation, which became effective on January 1, 2019, addresses certain aspects of California law regarding felony murder and the natural and probable consequences doctrine by amending Penal Code sections 188 and 189, as well as by adding Penal Code section 1170.95, which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in law would affect their previously sustained convictions." (*Id*. at pp. 722-723.) "Senate Bill [No.] 1437 was enacted to 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*Id*. at p. 723.)

---

[3] The court was apparently referring to *People v. Munoz* (2019) 39 Cal.App.5th 738 (*Munoz*), review granted November 26, 2019, S258234.

4

Senate Bill No. 1437 accomplished that purpose by substantively amending section 188 (defining malice), and section 189 (defining the degrees of murder). "Now, to be convicted of murder, a principal must act with malice aforethought; malice can no longer 'be imputed to a person based solely on [his or her] participation in a crime.' " (*In re R.G.* (2019) 35 Cal.App.5th 141, 144; see § 188, subd. (a)(3).) Amended section 189 limits first degree murder liability based on a felony murder theory to a person who: (1) was the actual killer; (2) although not the actual killer, intended to kill and assisted the actual killer in the commission of first degree murder; or (3) was a major participant in the underlying felony who acted with reckless indifference to human life. (§ 189, subd. (e).) "Senate Bill [No.] 1437 thus ensures that murder liability is not imposed on a person who did not act with implied or express malice, was not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (*Munoz*, *supra*, 39 Cal.App.5th at pp. 749-750.)

Senate Bill No. 1437 also added section 1170.95, which creates a procedure by which persons convicted of felony murder or murder under a natural and probable consequences theory may seek resentencing. (*Martinez*, *supra*, 31 Cal.App.5th at pp. 722-723.) Subdivision (a) of section 1170.95 provides: "(a) A person *convicted of felony murder or murder* under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed

against the petitioner that allowed the prosecution to proceed under a theory of *felony murder or murder* under the natural and probable consequences doctrine.  [¶]  (2) The petitioner was convicted of *first degree or second degree murder* following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.  [¶]  (3) The petitioner could not be convicted of *first or second degree murder* because of changes to Section 188 or 189 made effective January 1, 2019."  (§ 1170.95, subd. (a), italics added.)

B.  *The Court Properly Dismissed the Petition*

Two appellate courts in the Second District have held that Senate Bill No. 1437 does not apply to the crime of attempted murder, based upon reasoning that is equally apt here.  (*People v. Lopez* (2019) 38 Cal.App.5th 1087, 1104-1105 (*Lopez*), review granted Nov. 13, 2019, S258175, and *Munoz*, *supra*, 39 Cal.App.5th 738.)  In *Lopez*, the appellate court concluded the "Legislature's obvious intent to exclude attempted murder from the ambit of the Senate Bill [No.] 1437 reform" was evidenced by the language of section 1170.95 itself, as it expressly limits its application to murder convictions.  (*Lopez*, at pp. 1104-1105.)

The *Lopez* court further observed:  "The plain language meaning of Senate Bill [No.] 1437 as excluding any relief for individuals convicted of attempted murder is fully supported by its legislative history."  (*Lopez*, *supra*, 38 Cal.App.5th at p. 1105.)  The court stated:  "When describing the proposed petition process, the Legislature consistently referred to relief being available to individuals charged in a complaint, information or indictment 'that allowed the prosecution to proceed under a theory of first

6

degree felony murder, second degree felony murder, or murder under the natural and probable consequences doctrine' and who were 'sentenced to first degree or second degree murder.' [Citation.] In addition, when discussing the fiscal impact and assessing the likely number of inmates who may petition for relief, the Senate Committee on Appropriations considered the prison population serving a sentence for first and second degree murder and calculated costs based on that number. [Citation.] The analysis of potential costs did not include inmates convicted of attempted murder." (*Ibid*.)

In *Lopez*, the defendants argued that, "by redefining the elements of murder, Senate Bill [No.] 1437 impliedly eliminated the natural and probable consequences doctrine as a basis for finding an aider and abettor guilty of attempted murder . . . ." (*Lopez*, *supra*, 38 Cal.App.5th at p. 1105.) The court found the argument unavailing and explained, as follows: the defendants' "premise of this implied repeal argument is that, generally to be guilty of an attempt to commit a crime, the defendant must have specifically intended to commit all the elements of that offense. Since a conviction for murder now requires proof of malice except as specified in section 189, subdivision (e), and malice may not be imputed to a person based solely on his or her participation in an underlying crime, they reason, the natural and probable consequences theory of aider and abettor liability is no longer viable. [¶] [The defendants'] premise, that to be guilty of an attempt an accomplice must have shared the actual perpetrator's intent, is correct as to direct aider-and-abettor liability [citations], but it is inapplicable to offenses charged under the natural and probable consequences doctrine, which is based on a theory of vicarious liability, not actual or imputed malice. [Citation.] As a matter of statutory

7

interpretation, Senate Bill [No.] 1437's legislative prohibition of vicarious liability for murder does not, either expressly or impliedly, require elimination of vicarious liability for attempted murder." (*Lopez*, at pp. 1105-1106.)

The court in *Munoz*, *supra*, 39 Cal.App.5th 738, agreeing with *Lopez*, held that Senate Bill No. 1437 plainly and unambiguously applies only to murder because "section 1170.95 . . . speaks only in terms of murder, not attempted murder." (*Munoz*, at p. 754.) As the *Munoz* court noted, "[w]here the words of the statute are clear, we are not at liberty to add to or alter them to accomplish a purpose that is not apparent on the face of the statute or in its legislative history." (*Id.* at p. 755.)

The Fifth District in *People v. Larios* (2019) 42 Cal.App.5th 956 (*Larios*), review granted February 26, 2020, S259983, and *People v. Medrano* (2019) 42 Cal.App.5th 1001 (*Medrano*), review granted March 11, 2020, S259948, reached a different conclusion than *Lopez* on the issue of accomplice liability. That court held that Senate Bill No. 1437's changes to sections 188 and 189 preclude imposition of vicarious liability under the natural and probable consequences doctrine if the charged offense requires malice aforethought. (*Larios*, at p. 966; *Medrano*, at p. 1013.) As the *Larios* court explained, section 188, as amended, stated that " '[m]alice shall not be imputed to a person based solely on his or her participation in a crime' " (*Larios*, at p. 967-968), and contained "no exceptions for attempted murder, which indisputably requires express malice." (*Id.* at p. 967.) Based on section 188, the *Larios* court determined Senate Bill No. 1437 modified accomplice liability for both murder and attempted murder. (*Larios*, at p. 968.) Accordingly, because the amended statutes prohibit malice from being

8

imputed to a defendant who aids and abets a target offense without the intent to kill, the natural and probable consequences doctrine is no longer a viable theory of accomplice liability for attempted murder. (*Larios*, at p. 966; *Medrano*, at p. 1013.)

Even so, *Larios* "agree[d] with the reasoning of *Lopez* . . . that the relief provided in section 1170.95 [was] limited to certain murder convictions and excludes all other convictions, including a conviction for attempted murder." (*Larios*, *supra*, 42 Cal.App.5th at p. 970.) The court reasoned "[t]he plain language of section 1170.95, subdivision (a) limits relief to persons 'convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court . . . .' " (*Id.* at p. 968; see *Medrano*, *supra*, 42 Cal.App.5th at pp. 1017-1018 [Senate Bill No. 1437 amended accomplice liability for both murder and attempted murder, but the "unambiguous language" of section 1170.95 is limited to persons convicted of murder].) The courts agreed that no language in section 1170.95 references relief to persons convicted of attempted murder, and the legislative history of Senate Bill No. 1437 supports the conclusion section 1170.95 was intended to apply only to persons convicted of murder. (*Larios*, at p. 969; *Medrano*, at p. 1017.) Thus, even courts that have taken a broader interpretation of the changes made by Senate Bill No. 1437 have concluded that section 1170.95 limits relief only to defendants convicted of murder.

Defendant acknowledges that *Larios* and *Medrano* hold that the petitioning procedure in section 1170.95 are not available to defendants convicted of attempted murder. Nonetheless, he simply claims that, if the amended section 188 applies to attempted murder, "so too should the petitioning procedures in section 1170.95."

9

However, by section 1170.95's plain terms, only persons "convicted of felony *murder or murder* under a natural and probable consequences theory may file a petition . . . ." (§ 1170.95, subd. (a), italics added.) "The repeated references to murder convictions in section 1170.95, as opposed to attempted murder convictions, make clear that Senate Bill [No.] 1437's ameliorative benefit was meant to reach only the completed offense of murder, not the distinct offense of attempted murder." (*People v. Alaybue* (2020) 51 Cal.App.5th 207, 223.)

Defendant further argues that the literal language of Senate Bill No. 1437 should not be given effect because such an interpretation would lead to absurd consequences. He posits that construing Senate Bill No. 1437 to apply to murder, but not attempted murder, will result in the absurd consequence of a defendant who aided and abetted a confederate in an assault where the victim died being able to vacate his murder conviction; however, for the same conduct, if the victim does not die, the defendant would be guilty of attempted murder, "a more serious crime than assault." He contends that "[t]he resentencing procedure should not be available only to defendants whose victims died." The court in *Munoz* rejected a similar argument. The defendant in that case argued that construing Senate Bill No. 1437 to apply only to murder would result in " 'absurdly disparate' sentencing consequences for the same conduct, with persons convicted of the lesser offense of attempted murder serving longer sentences than those convicted of murder." (*Munoz, supra,* 39 Cal.App.5th at p. 756, fn. omitted.)

The *Munoz* court recognized that the language of a statute should not be given a literal meaning if doing so would result in absurd consequences that the Legislature did

not intend or would frustrate the purpose of the legislation as a whole. However, it concluded that the Legislature apparently *intended* to exclude attempted murder from Senate Bill No. 1437's reach "and the consequences of that legislative choice are not clearly absurd." (*Munoz*, *supra*, 39 Cal.App.5th at p. 757.) The court pointed to "[t]he statute's uncodified statement of legislative findings and declarations," and noted the "repeated references to 'murder,' and murder alone," as well as "the statement that amendment of the natural and probable consequences doctrine was necessary 'as it relates to murder.' " (*Ibid.*)

The *Munoz* court also reasoned that it would not be absurd to abide by the plain language of the statute, since "it is far from clear that interpreting Senate Bill [No.] 1437 to apply to convictions for murder, but not attempted murder, will always, or typically, result in longer sentences for the latter." (*Munoz*, *supra*, 39 Cal.App.5th at pp. 757-758.) The court noted that "the basic punishment for attempted murder is far less severe than that imposed for murder" and applying the statute's plain language does not "undermine the primary legislative goal of making punishment commensurate with culpability, because the punishment for attempted murder was already, prior to Senate Bill [No.] 1437's enactment, less than that imposed for murder." (*Id*. at p. 758.)

Moreover, the *Munoz* court observed that the " 'absurdity exception requires much more than [a] showing that troubling consequences may potentially result if the statute's plain meaning were followed or that a different approach would have been wiser or better,' " and, further, that the absurdity doctrine should be used only in extreme cases. (*Munoz*, *supra*, 39 Cal.App.5th at p. 758; see *People v. Morales* (2019) 33 Cal.App.5th

11

800, 806.)  Here, as in *Munoz*, the potential consequences suggested by defendant may be troubling.  "However, they are not so *absurd* that we must override the plain meaning of the statutory language."  (*In re D.B.* (2014) 58 Cal.4th 941, 948; see also, *Munoz*, at p. 758.)

In support of his contention that denying Senate Bill No. 1437 relief to attempted murderers is absurd, defendant relies upon *People v. Sanchez* (2020) 46 Cal.App.5th 637, review granted June 10, 2020, S261768.  The court there gave a hypothetical similar to defendant's and reasoned that "[l]imiting Senate Bill No. 1437's malice imputing prohibition to murder has the absurd consequence of incentivizing murder."  (*Id.* at pp. 643.)  However, we note that *Sanchez* agreed with the analyses in *Larios* and *Medrano* and thereby interpreted Senate Bill No. 1437 as abrogating the natural and probable consequences doctrine as a theory of accomplice liability for attempted murder, but only if raised by *direct appeal* from the underlying judgment, not by way of a section 1170.95 petition.  (*Sanchez*, at pp. 642-644.)  Therefore, *Sanchez* does not alter our analysis and conclusion that the court here properly dismissed defendant's section 1170.95 petition.

Ultimately, we agree with the reasoning and holding of the courts in *Lopez* and *Munoz* and conclude that Senate Bill No. 1437 does not apply to defendants convicted of attempted murder.

## DISPOSITION

The trial court's order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:

McKINSTER
Acting P. J.

RAPHAEL
J.

13