Filed 7/14/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br><br>JOHNNY LAWRENCE BRINSON,<br><br>    Defendant and Appellant. | A171744<br><br>(Sonoma County<br>Super. Ct. No. SCR-28923-1) |

In 2000, Johnny Lawrence Brinson was sentenced to an aggregate term of 39 years to life in prison after a jury found him guilty of two felonies.

In 2024, Brinson filed requests for recall and resentencing under Penal Code section 1172.1.[1]  The trial court declined to take any action on the requests pursuant to section 1172.1, subdivision (c).  Brinson seeks to appeal from one of the court orders declining to take action on his request, which is not an appealable order.  Accordingly, we dismiss.

### FACTUAL AND PROCEDURAL BACKGROUND

*General Background*

In 2000, a jury found Brinson guilty of attempted willful, deliberate, and premeditated murder (§§ 187, subd. (a), 664), with a related allegation

---

[1] All further statutory references are to the Penal Code.  Section 1172.1 was previously codified in section 1170, subdivision (d)(1) and section 1170.03, subdivision (a).  (*People v. Hodge* (2024) 107 Cal.App.5th 985, 992 (*Hodge*).)  We cite to section 1172.1 throughout this opinion for ease of reference.

1

that he had personally used and discharged a firearm (§ 12022.53, subds. (b), (c)), and of being a felon in possession of a firearm (former § 12021, subd. (a)(1)). The trial court found Brinson had a prior serious felony conviction and a prior strike conviction (§§ 667, subd. (a), 1170.12).

The trial court sentenced Brinson to an aggregate term of 39 years to life in prison. This court affirmed on direct appeal. (*People v. Brinson* (June 26, 2001, A091236) [nonpub. opn.].)

*Section 1172.1 Requests*

All subsequent dates refer to 2024.

In January, Brinson filed his first request for recall of sentence and resentencing pursuant to Assembly Bill No. 600 (2023-2024 Reg. Sess.) (Assembly Bill 600) and section 1172.1. The court denied that request and took no action on his case pursuant to section 1172.1, subdivision (c).

On July 31, Brinson filed a second request for recall of sentence and resentencing based on amendments to the Penal Code. On August 22, Brinson filed a third request for recall of sentence and resentencing, again citing section 1172.1 and Assembly Bill 600.

On August 23, the trial court issued an order[2] stating it was in receipt of Brinson's request for recall and resentencing under Assembly Bill 600 and section 1172.1 and, pursuant to section 1172.1, subdivision (c), "the court takes no action on your request." On September 13, a virtually identical order was issued.

Brinson filed a notice of appeal from the August 23 order. The Attorney General indicates the August 23 order responded to the second

---

[2] Although the parties refer to the court's orders as "letter[s]," a court's written decision denying a defendant's request for recall and resentencing under section 1172.1 "meets the definition of a judicial 'order' " (*Hodge, supra*, 107 Cal.App.5th at p. 994), and we therefore refer to them as such.

request filed on July 31, and the September 13 order responded to the third request filed on August 22. Brinson indicates the August 23 order responded to the August 22 request. We need not settle this discrepancy because, regardless of whether Brinson's appeal from the August 23 order corresponded to his second or third request, the notice of appeal makes clear that he is seeking to appeal the court's "tak[ing] no actions on [his] request [to] recall his sentence under Assembly Bill 600." (Some capitalization omitted.) Accordingly, we, like the parties, limit the scope of this appeal to the court's decision to take no action under section 1172.1, subdivision (c).

## DISCUSSION

Brinson attempts to appeal from the trial court's order declining to take any action on his section 1172.1 request for recall and resentencing. We conclude the trial court's decision is not an appealable order and dismiss.

We begin with the fundamental principle that "[t]he right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.)

Brinson asserts the trial court's order is appealable under section 1237, subdivision (b), which provides that a defendant may appeal from any postjudgment order that affects the substantial rights of the party. However, we agree with the growing body of caselaw concluding a trial court's decision not to take any action on a section 1172.1 request initiated by a defendant does not affect his or her substantial rights. (E.g., *People v. Roy* (2025) 110 Cal.App.5th 991, 1001, petn. for review pending, petn. filed May 30, 2025, S291146 (*Roy*); *People v. Faustinos* (2025) 109 Cal.App.5th 687, 696 (*Faustinos*); *Hodge, supra*, 107 Cal.App.5th at p. 999.)

3

**I. A Trial Court's Decision To Take No Action Pursuant to 1172.1, Subdivision (c) Does Not Affect a Defendant's Substantial Rights**

Section 1172.1 serves as a statutory exception to the general rule that a trial court lacks jurisdiction to modify a sentence after judgment is rendered and execution of the sentence has begun. (*Hodge, supra,* 107 Cal.App.5th at p. 992.) In particular, section 1172.1 authorizes a trial court to "recall a sentence and resentence a defendant 'at any time' upon the recommendation of various designated correctional or law enforcement authorities. (§ 1172.1, subd. (a)(1).) The trial court may also do so 'on its own motion' within 120 days of the date of commitment. (*Ibid.*)" (*Hodge,* at p. 992.)

Effective January 1, 2024, Assembly Bill 600 amended section 1172.1 to expand a trial court's authority to recall and resentence on its own motion. (Stats. 2023, ch. 446, § 2; *Faustinos, supra,* 109 Cal.App.5th at p. 694.) Now, a court may recall a sentence and resentence a defendant on its own motion "at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1); see Assem. Bill 600, Stats. 2023, ch. 446, § 2.)

Crucially for our purposes, section 1172.1 "expressly denies defendants the right to file a petition for resentencing under that section, and expressly excuses the trial court from acting on any such request that a defendant might nevertheless file." (*Hodge, supra,* 107 Cal.App.5th at p. 993.) Specifically, subdivision (c) of section 1172.1 states: "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond."

Courts have interpreted the second sentence of section 1172.1, subdivision (c) to mean that defendants do not have a substantial right at

4

stake when they request recall and resentencing.  (*Hodge*, *supra*, 107 Cal.App.5th at p. 996; accord, *Roy*, *supra*, 110 Cal.App.5th at pp. 998–999, petn. for review pending; *Faustinos*, *supra*, 109 Cal.App.5th at p. 696.)  As *Hodge* explained: "That sentence excuses the trial court from any responsibility to rule on such a request, or even to respond.  It follows that a defendant who chooses to file an unauthorized request for resentencing has no *right* to a ruling.  The defendants may have a liberty interest at stake in any decision as to whether they should remain incarcerated.  But a defendant has no right to demand that the trial court actually make such a decision.  If the defendant has no right to a decision, the trial court's choice not to make one does not deprive the defendant of any right, much less a substantial one." (*Hodge*, at p. 996.)

Hodge further explained that a contrary conclusion would result in an arbitrary rule where, if a trial court does not respond to a defendant's request for recall and resentencing, there would be no order to appeal, but if the court informs a defendant that it will take no action on the request (as was the case here), the defendant would be able to appeal that decision.  (*Hodge*, *supra*, 107 Cal.App.5th at p. 996.)  The court in *Hodge* found "such an irrational and arbitrary result" seemed unlikely to have been intended by the Legislature. (*Ibid*.)

We agree with *Hodge*'s reasoning and conclude a trial court's decision not to act on a defendant's section 1172.1 request for recall and resentencing does not affect his or her substantial rights and is therefore not appealable under section 1237, subdivision (b).  (*Hodge*, *supra*, 107 Cal.App.5th at

5

p. 996; accord, *Roy*, *supra*, 110 Cal.App.5th at pp. 998–999, 1001, petn. for review pending; *Faustinos*, *supra*, 109 Cal.App.5th at p. 696.)[3]

## II. Section 1171 Does Not Override Section 1172.1, Subdivision (c)

Brinson contends the reasoning of *Hodge* no longer applies after Assembly Bill No. 2483 (2023-2024 Reg. Sess.) (Assembly Bill 2483) added section 1171 to the Penal Code, which he asserts overrides the plain language of section 1172.1, subdivision (c) that excuses a trial court from ruling on, or responding to, a defendant-initiated request for recall. Reviewing this issue of statutory interpretation de novo (*People v. Wilson* (2021) 66 Cal.App.5th 874, 878), we disagree.

" 'Our fundamental task in interpreting a statute is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning. We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment. If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would

---

[3] We do not address Brinson's arguments in his reply brief based on an opinion by the Fifth District Court of Appeal that has since been ordered depublished following rehearing by that court and is no longer citable authority. (See *People v. Chatman* (Feb. 4, 2025, F087868), opn. vacated Mar. 3, 2025.) We also do not reach his arguments, raised for the first time on reply, relying on *People v. Loper*, *supra*, 60 Cal.4th 1155 and *People v. Carmony* (2004) 33 Cal.4th 367. (See *Rental Housing Owners Assn. of Southern Alameda County, Inc. v. City of Hayward* (2011) 200 Cal.App.4th 81, 94, fn. 12 [we do not consider points raised for the first time in reply brief].) Even if these arguments were properly raised, we would find Brinson's reliance on *Loper* and *Carmony* inapposite for the reasons stated in *Hodge*, *supra*, 107 Cal.App.5th at page 997, and *Faustinos*, *supra*, 109 Cal.App.5th at pages 698–699.

result in absurd consequences the Legislature did not intend.' " (*People v. Wilson, supra,* 66 Cal.App.5th at p. 878.)

Effective January 1, 2025, Assembly Bill 2483 enacted section 1171, which sets forth various procedures under subdivision (c) that apply to all postconviction proceedings to modify a sentence or conviction under ameliorative statutes, including section 1172.1. (§ 1171, subds. (a) & (c); Assem. Bill 2483, Stats. 2024, ch. 964, § 2.) Section 1171 explicitly states that the procedures set forth in subdivision (c) do not apply where "there is a conflict with a more specific rule established in statute, in which case the more specific statute shall apply." (§ 1171, subd. (c).)

As relevant for our purposes, section 1171 provides that, upon receiving "a request to begin a postconviction proceeding *that is authorized in law,*" the court shall consider appointment of counsel for the defendant. (§ 1171, subd. (c)(1), italics added.) It also requires a court to "state on the record the reasons for its decision to grant or deny the initial request to begin a postconviction proceeding" and provide notice of that decision. (*Id.,* subd. (c)(4).) And, "[a]fter ruling on a request, the court shall advise the defendant of their right to appeal and the necessary steps and time for taking an appeal." (*Id.,* subd. (c)(5).)

Brinson asserts that, because section 1171 expressly applies to resentencing proceedings under section 1172.1, a trial court must now follow the procedures set forth in section 1171, subdivision (c)—including issuing a decision stating its reasons on the record—even when a request for recall and resentencing under section 1172.1 is initiated by a defendant. He contends that, as a result, *Hodge*'s concerns that there are no "statutory constraints on a trial court's decision to decline action on a defendant's request for resentencing under section 1172.1" nor "discernable criteria for an appellate

7

court to evaluate" are no longer applicable. (*Hodge*, *supra*, 107 Cal.App.5th at p. 998.)

Contrary to Brinson's contention, the plain language of section 1171, subdivision (c) makes clear that it does not apply if it conflicts "with a more specific rule established in statute, in which case the more specific statute shall apply." (§ 1171, subd. (c).) The language of section 1171, subdivision (c) requiring a trial court to take any action in response to a request for recall and resentencing clearly conflicts with the more specific rule established in section 1172.1, which expressly states that "the court is not required to respond" to a defendant-initiated request under that section. (§ 1172.1, subd. (c).) Both cannot be true at the same time. Moreover, this language on its face applies only to those requests that are "authorized in law" (§ 1171, subd. (c)(1)), which a defendant-initiated section 1172.1 petition is not.

Indeed, as the court in *Hodge* noted, there are already numerous procedural requirements codified within section 1172.1, but applying those requirements "to a defendant's request for resentencing would directly contradict the clear statement in [section 1172.1,] subdivision (c) that, '[i]f a defendant requests consideration for relief under this section, the court is not required to respond.' " (*Hodge*, *supra*, 107 Cal.App.5th at p. 998.) This would also be the case were we to apply the procedural requirements of section 1171, subdivision (c) to a defendant's request for recall and resentencing under section 1172.1. Because section 1171, subdivision (c) clearly and unambiguously states that in the case of a conflict "the more specific statute shall apply," we need go no further in our statutory analysis. (*In re D.B.* (2014) 58 Cal.4th 941, 945 [" 'If the statutory language is clear and unambiguous our inquiry ends.' "].)

In sum, we conclude section 1172.1, subdivision (c), not section 1171, subdivision (c), applies to defendant-initiated requests for recall and resentencing.  Accordingly, Brinson's contention that the court's response to his request for recall and resentencing did not comply with section 1171, and we must therefore remand for further proceedings under the guidelines in that statute, is unavailing.  Rather, for the reasons explained in section I, *ante*, a defendant who requests recall and resentencing under section 1172.1—even after section 1171 became effective—does not have a substantial right at stake, and the trial court's decision on that request is not appealable.  (*Hodge*, *supra*, 107 Cal.App.5th at p. 996; accord, *Roy*, *supra*, 110 Cal.App.5th at pp. 998–999, 1001, petn. for review pending; *Faustinos*, *supra*, 109 Cal.App.5th at p. 696.)

## DISPOSITION

This appeal is dismissed.


PETROU, J.


WE CONCUR:


TUCHER, P. J.


RODRIGUEZ, J.

9

A171744
*People v. Brinson*

Trial Court:         Sonoma County Superior Court

Trial Judge:        Hon. Mark Urioste

Counsel:

Johnny Lawrence Brinson, in pro. per.; and William P. Melcher, under appointment by the Court of Appeal, for Defendant and Appellant. [*Appointed.*]

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Seth K. Schalit, Supervising Deputy Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, for Plaintiff and Respondent.