Filed 7/14/25  In re D.P. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| In re D.P., a Person Coming Under the Juvenile Court Law. | C102044 |
| THE PEOPLE, | (Super. Ct. No. 23JD32076) |
| Plaintiff and Respondent, | |
| v. | |
| D.P., | |
| Defendant and Appellant. | |

After minor D.P. admitted committing five offenses, the juvenile court committed him to a secure youth treatment facility pursuant to Welfare and Institutions Code section 875.[1]  The parties agree the trial court was not authorized to commit the minor

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

to a secure youth treatment facility because his most recent offense was not eligible for such a disposition.

We will vacate the juvenile court's disposition order and remand the matter for a new disposition hearing. Although the parties ask us to rule on additional issues, they may raise such arguments on remand.

## BACKGROUND

In December 2022, the minor admitted receiving stolen property, and the juvenile court placed him on probation. In July 2023, the minor admitted violating the terms of his probation, and the juvenile court ordered him to serve 1,167 days in a juvenile rehabilitation facility.

In September 2023, the minor escaped from the juvenile rehabilitation facility. Less than two weeks later, the minor approached two men and demanded they give him drugs. The men said they did not have any, so the minor grabbed a stick and began chasing them. When one man slipped and fell, the minor repeatedly hit him with the stick, saying, "I'm going to kill you." The minor's use of the stick resulted in the victim's loss of an eye. When police officers found the minor, he fled and jumped a fence, but the officers caught him. When the officers arrested him, the minor smelled strongly of alcohol and had bloodshot eyes, slurred speech, and an unsteady gait.

The minor admitted committing robbery, assault with force likely to produce great bodily injury, resisting an officer, public intoxication, and escape. The juvenile court committed him to a secure youth treatment facility pursuant to section 875. The juvenile court followed the probation department's recommendation and set a baseline term of confinement of four years, pursuant to section 875, subdivision (b) and California Rules of Court, rule 5.806.

DISCUSSION

The parties agree the juvenile court was not authorized to commit the minor to the secure youth treatment facility because his most recent offense was not eligible for such a disposition. We agree with the parties.

Section 875 only permits confinement in a secure youth treatment facility if "the most recent offense for which the juvenile has been adjudicated" is "listed in subdivision (b) of Section 707." (§ 875, subd. (a)(1)-(2).) The California Supreme Court has interpreted similar language in section 733, determining that the phrase "most recent offense" means the single adjudicated offense committed most recently, not any of the offenses in the most recently adjudicated petition. (*In re D.B.* (2014) 58 Cal.4th 941, 946-948.) We presume the Legislature was aware of that construction when it used similar language in a similar context in enacting section 875. (*Moran v. Murtaugh Miller Meyer & Nelson, LLP* (2007) 40 Cal.4th 780, 785; *In re R.G.* (2019) 35 Cal.App.5th 141, 146; see Stats. 2021, ch. 18, § 12)

Applying that interpretation to section 875, the relevant offense is the last offense committed. The parties agree the minor's most recent offense was resisting arrest. Because that offense is not listed in section 707, subdivision (b), the juvenile court was not authorized to commit the minor to a secure youth treatment facility under section 875. We will vacate the juvenile court's disposition order and remand the matter for a new disposition hearing.

The parties also ask us to review three other aspects of the juvenile court's disposition order: (1) whether the juvenile court may dismiss the adjudication that the minor resisted arrest, thereby qualifying the minor for commitment to the secure youth treatment facility; (2) whether the juvenile court abused its discretion when it set a four-year baseline term; and (3) whether the juvenile court improperly applied credit for time served. Because we remand for a new disposition hearing, the parties may raise such arguments on remand.

3

## DISPOSITION

The juvenile court's disposition order is vacated and the matter is remanded for the juvenile court to conduct a new disposition hearing in accordance with the statutory time limits.

/S/
MAURO, Acting P. J.

We concur:

/S/
DUARTE, J.

/S/
RENNER, J.

4