Filed 3/17/26  In re C.M. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re C.M., a Person Coming Under the Juvenile Court Law. | 2d Crim. No. B340988 (Super. Ct. No. 20JV00434-F) (Santa Barbara County) |
| THE PEOPLE, Plaintiff and Respondent, v. C.M., Defendant and Appellant. | |

C.M., a minor, was found to have committed involuntary manslaughter and assault with a firearm.  The juvenile court committed appellant to a Secure Youth Treatment Facility.  On appeal he asserts the juvenile court lacked authority to commit him to the Secure Youth Treatment Facility, improperly imposed a restitution fine, and miscalculated the maximum confinement term.  The Attorney General agrees with all three contentions.

We do also and will reverse the order imposing the restitution fine, and remand for a new disposition hearing.

SUMMARY OF PROCEEDINGS[1]

On August 10, 2023, the Santa Barbara County District Attorney filed a petition under Welfare and Institutions Code section 602[2] alleging that on July 28, 2023, appellant, a minor, committed second degree robbery (Pen. Code, § 211), criminal threats (*Id.*, § 422), conspiracy to commit a crime (*Id.*, § 182, subd. (a)(1)), and second degree burglary (*Id.*, § 459).

Appellant admitted the criminal threats and burglary charges and the remaining counts were dismissed. On August 24, 2023, at disposition, the court ordered appellant detained for 120 days in juvenile hall.

On October 4, 2023, the Santa Barbara County District Attorney filed a petition under section 602 alleging that on June 12, 2022, appellant, committed murder (Pen. Code, § 187, subd. (a)), and assault with a firearm (*id.*, § 245, subd. (a)(2)). It was further alleged that appellant personally used a firearm as to both charges. (*Id.*, §§ 12022.5, subd. (a); 12022.53, subd. (b); 1203.06, subd. (a)(1).)

On May 13, 2024, after a contested hearing, the court found true the lesser included charge of involuntary manslaughter (Pen. Code § 192, subd. (b)) and assault with a firearm. The court found not true the personal use special allegations as to both counts.

---

[1] We exclude the underlying facts because they are not relevant to this appeal.

[2] Undesignated statutory citations are to the Welfare and Institutions Code.

On September 9, 2024, at the disposition hearing, the court committed appellant to a Secure Youth Treatment Facility (SYTF).  The court selected four years as a baseline and set the maximum term of confinement at 2,540 days, until age 23.  Appellant was awarded 291 days of precommitment credit.  Although the oral pronouncement did not address restitution, the minute order reflects a $240 restitution fine.

## DISCUSSION

### *SYTF Commitment was Not Authorized*

Section 875 authorizes a juvenile court to commit a ward 14 years of age and older to a SYTF if the ward meets certain criteria.  Relevant here are two criteria:  "(1) The juvenile is adjudicated and found to be a ward of the court based on an offense listed in" section 707 subdivision (b) and "(2) The adjudication described in paragraph (1) is the most recent offense for which the juvenile has been adjudicated."  (§ 875, subd. (a)(1) & (2).)

Before the enactment of section 875, our Supreme Court interpreted similar language in section 733, subdivision (c).  Section 733, subdivision (c) prohibits a ward's commitment to the DJJ[3] if the ward's "most recent offense alleged in any petition and admitted or found to be true by the court is not described in" section 707, subdivision (b) or Penal Code, section 290.008, subdivision (c).[4]  The court held this language "is clear and lends

---

[3] "The DJJ is also known as the Department of Corrections and Rehabilitation, Division of Juvenile Facilities (DJF).  [Citation]  DJJ and DJF are used interchangeably in case law."  (*In re J.B.* (2022) 75 Cal.App.5th 410, 413, fn. 1.)

[4] Section 875 was enacted as part of the Legislature's implementation of "juvenile justice realignment" which closed

---

3

itself to only one reasonable interpretation." (*In re D.B.* (2014) 58 Cal.4th 941, 947.) The phrase "'most recent'" describes when the minor committed the offense, not when the petition is adjudicated. (*Ibid*; *In re B.J.* (2020) 49 Cal.App.5th 646, 648.)

The Legislature used language in section 875 substantially similar to language the Supreme Court had already interpreted in section 733, subdivision (c). We presume, therefore, that the Legislature intended the same construction. (*Moran v. Murtaugh Miller Meyer & Nelson, LLP* (2007) 40 Cal.4th 780, 785.) Now, instead of DJJ, eligible youth can be committed to a SYTF if their most recent offense is described in section 707, subdivision (b).

Appellant's most recent offenses, criminal threats and burglary, are not among the offenses described in section 707, subdivision (b). Accordingly, because these offenses were committed after appellant committed an assault with a firearm, an offense that is included in section 707, subdivision (b)[5], the juvenile court was not authorized to commit appellant to a SYTF. Remand is, therefore, necessary to allow the court to conduct a new disposition hearing.

---

DJJ and transferred DJJ's responsibilities to counties. Wards who would have been committed to DJJ prior to realignment are now committed to county-based SYTFs "[t]o ensure that justice-involved youth are closer to their families and communities and receive age-appropriate treatment." (Stats. 2020, ch. 337, § 1, subd. (b).) Sections 875, 875.5, and 876 govern the commitment of section 602 wards to SYTFs under the new dispositional model.

[5] Assault with a firearm is described in section 707, subdivision (b)(13). Appellant's other offense, involuntary manslaughter, is not described section 707, subdivision (b).

*Restitution Fine is Not Authorized*

The juvenile court imposed a $240 restitution fine under former section 730.6.  While this appeal was pending, the Legislature amended section 730.6 and removed the requirement that a minor pay a restitution fine.  The relevant portion of the statute now provides,  "The court shall not impose a separate and additional restitution fine against a minor found to be a person described in Section 602."  (§ 730.6, subd. (a)(2), as amended by Stats. 2024, ch. 805, § 6.)  Appellant is entitled to the ameliorative benefits of this amendment.  (See *In re Estrada* (1965) 63 Cal.2d 740, 745-746 [ameliorative legislation changes applicable to cases pending on appeal].)

*Maximum Term of Confinement Must be Corrected*

"A court shall not commit a juvenile to any juvenile facility for a period that exceeds the middle term of imprisonment that could be imposed upon an adult convicted of the same offense." (§ 730, subd. (a)(2).)[6]  The aggregate term for an adult convicted of two or more felonies and receiving consecutive terms is the principal (i.e., the greatest term imposed) term plus the subordinate (i.e., other felony conviction with a consecutive term) term.  (Pen. Code, § 1170.1, subd. (a).)

Here the middle term for both involuntary manslaughter and assault with a firearm is three years.  (Pen. Code, §§ 193, subd. (b), 245, subd. (a)(2).)  The subordinate term is one third the middle term.  (*Id.*, § 1170.1, subd. (a).)  Thus, irrespective of

---

[6] "'[M]aximum term of confinement'" (applicable to wards committed to a SYTF) and "'maximum term of imprisonment,'" (applicable to wards removed from their parents' custody) mean the same thing.  (§ 875, subd. (c)(2).)

5

which offense is designated as the principal offense, the maximum term of confinement is four years, or 1,460 days. The juvenile court erred when it set appellant's maximum term of confinement time at 2,540 days.

## DISPOSITION

The juvenile court's order imposing a restitution fine is stricken. The juvenile court's order committing appellant to a secure youth treatment facility and determining the maximum term of confinement is reversed, and the matter is remanded for a new disposition hearing.

NOT TO BE PUBLISHED.


CODY, J.


We concur:


YEGAN, Acting P. J.


BALTODANO, J.

6

Gustavo Lavayen, Judge
Superior Court County of Santa Barbara

_____

Mary Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield, Supervising Deputy Attorney General, Seth P. McCutcheon, Deputy Attorney General, for Plaintiff and Respondent.