Filed 6/8/21  P. v. Xiong CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>YENG XIONG,<br><br>     Defendant and Appellant. | F079367<br><br>(Super. Ct. No. SUF16461B)<br><br><br>**OPINION** |

### THE COURT\*

APPEAL from an order of the Superior Court of Merced County.  Mark V. Bacciarini, Judge.

Derek K. Kowata, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Christina Simpson, and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*Before Poochigian, Acting P.J., Peña, J. and Smith, J.

## INTRODUCTION

Defendant Yeng Xiong was convicted of attempted murder and discharging a firearm at an occupied motor vehicle. Following the passage of Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), defendant filed a petition for resentencing pursuant to Penal Code section 1170.95, asserting he was entitled to resentencing under the new laws. (Undesignated statutory references are to the Penal Code.) The court denied defendant's petition, concluding he was categorically ineligible for relief because he was not convicted of murder under the felony-murder rule or the natural and probable consequences doctrine. Defendant appeals the denial of his petition.

We affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1992, a jury convicted defendant of attempted murder (§§ 664, 187) and discharging a firearm at an occupied vehicle (§ 246). The jury also found true an allegation that defendant was armed with a firearm during the commission of the attempted murder.[1]

In 2019, defendant petitioned the court for resentencing pursuant to section 1170.95. He attached a declaration in which he stated a charging document had been filed against him allowing the prosecution to proceed under a theory of premeditated attempted murder under the natural and probable consequences doctrine; at trial, he was convicted of premeditated attempted murder pursuant to the natural and probable consequences doctrine; and he could not now be convicted of premeditated attempted murder in light of changes made to sections 188 and 189, effective January 1, 2019 (pursuant to Senate Bill 1437) because he "was the driver and not the actual shooter," and

---

[1]We grant the People's motion asking that we take judicial notice of our prior unpublished opinion in this matter pursuant to Evidence Code sections 452, subdivision (a), and 459, subdivision (a).

the "perpetrator was never convicted." He also requested the court appoint counsel for him during the resentencing process.

The court denied defendant's petition, concluding section 1170.95 did not apply to his conviction for attempted murder.

**DISCUSSION**

Defendant challenges the denial of his petition for resentencing. We affirm the court's denial.

**I.      Senate Bill 1437 and Section 1170.95**

On September 30, 2018, the Governor signed Senate Bill 1437, which became effective on January 1, 2019. Senate Bill 1437 "amend[s] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) It amends section 188, which defines malice, and section 189, which defines the degrees of murder to address felony-murder liability, and it adds section 1170.95, which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions. (Stats. 2018, ch. 1015, §§ 2–4.)

Specifically, newly enacted section 1170.95 permits those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts …." (*Id.*, subd. (a).) An offender may file a petition under section 1170.95 where all three of the following conditions are met:

> "(1) A complaint, information, or indictment was filed against the petitioner
> that allowed the prosecution to proceed under a theory of felony murder or
> murder under the natural and probable consequences doctrine[;] [¶] (2) The

3.

petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(1)–(3).)

A trial court receiving a petition under section 1170.95 "shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section." (§ 1170.95, subd. (c).) If the petitioner has made such a showing, the trial court "shall issue an order to show cause." (*Ibid*.) The trial court must then hold a hearing "to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not been previously been [*sic*] sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1170.95, subd. (d)(1).)

## II. Analysis

Defendant asserts the court erred in ruling that section 1170.95 does not apply to a conviction of attempted murder. He argues there are compelling statutory construction and equal protection reasons to apply Senate Bill 1437 to attempted murder. Defendant argues attempted murder is a lesser included offense of murder and, accordingly, remedial legislation should apply to it. He also asserts Senate Bill 1437's relief is similar to Proposition 47's relief, which has been extended to additional crimes. Finally, defendant asserts he had the right to be personally present and represented by counsel at a hearing on his petition. The People respond defendant is excluded from relief under section 1170.95 for his attempted murder conviction, which has long been final, based on the statute's legislative history and plain language. They assert individuals convicted of murder and attempted murder are not similarly situated for purposes of Senate Bill 1437 such that only permitting relief under section 1170.95 to those convicted of murder violates equal protection. Additionally, even if these individuals are similarly situated for purposes of Senate Bill 1437, there is a rational basis for not permitting relief to

4.

attempted murderers under section 1170.95. Finally, they assert the court was not required to appoint defendant counsel until it determined the petition was not frivolous, i.e., that defendant falls within the provisions of section 1170.95. Irrespective, they assert the denial of right to counsel at this stage was harmless and did not amount to structural error. We affirm the denial of defendant's petition.

A. **Section 1170.95 establishes a resentencing mechanism for defendants convicted of murder under a now invalidated theory**

First, we reject defendant's contention he is entitled to relief under section 1170.95 from his attempted murder conviction. As we have previously explained, "[t]he plain language of section 1170.95, subdivision (a) limits relief to persons 'convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court ….' No language in section 1170.95 references relief to persons convicted of attempted murder." (*People v. Medrano* (2019) 42 Cal.App.5th 1001, 1017, review granted Mar. 11, 2020, S259948 (*Medrano*); see *People v. Larios* (2019) 42 Cal.App.5th 956, 970, review granted Feb. 26, 2020, S259983 ["section 1170.95 is limited to certain murder convictions and excludes all other convictions"].) The legislative history of Senate Bill 1437 also supports a conclusion the relief provided for in section 1170.95 is limited to certain murder convictions and excludes all other convictions, including a conviction for attempted murder. (*Medrano*, *supra*, at p. 1017.) And, notably, we have found no case reaching the opposite conclusion, that is, one not convicted of murder is eligible for resentencing under section 1170.95's statutory language.

And even if attempted murder was considered to be a lesser included offense of murder, as defendant argues, concluding that section 1170.95's petition procedure is only available to those convicted of murder is not so *absurd* that we must override the plain, unambiguous language of section 1170.95. (See *People v. Alaybue* (2020) 51 Cal.App.5th 207, 225; accord, *In re D.B.* (2014) 58 Cal.4th 941, 948.) Rather, as discussed *post*, there was a rational basis for the Legislature to limit relief under this

5.

section to those convicted of murder.**2** (See *In re D.B.*, *supra*, at p. 948 ["To justify departing from a literal reading of a clearly worded statute, the results produced must be so unreasonable the Legislature could not have intended them"]; *People v. Flores* (2020) 44 Cal.App.5th 985, 993 ["Through its repeated and exclusive references to murder, the plain language of section 1170.95 limits relief only to qualifying persons who were convicted of murder.… Had the Legislature intended to make section 1170.95 available to defendants convicted of [other crimes], it easily could have done so"].)

### B.     Limiting relief under section 1170.95 does not violate equal protection

We also cannot conclude section 1170.95's limited avenue for relief to those convicted of felony murder or murder under a natural and probable consequences theory violates equal protection principles. In evaluating defendant's equal protection argument, we conclude a rational basis review applies because a criminal defendant does not have a fundamental interest in a specific term of imprisonment or in the designation a particular crime receives. (See *People v. Wilkinson* (2004) 33 Cal.4th 821, 838; *People v. Munoz* (2019) 39 Cal.App.5th 738, 762, review granted Nov. 26, 2019, S258234.)

Defendant attempts to distinguish *Wilkinson* and asserts his equal protection claim should instead be subject to a strict scrutiny analysis. He argues Senate Bill 1437 is more than a sentencing statute and does not involve alternative penal statutes. He asserts Senate Bill 1437 revised murder liability to eliminate nonmalice murder and decriminalized the conduct for which he was convicted. He further contends that "[t]he right not to be prosecuted for non-criminal conduct is certainly a fundamental liberty interest requiring strict scrutiny." We disagree with defendant's characterization of the

---

**2** In reaching this conclusion, we are not holding, as defendant suggests, that Senate Bill 1437 had no effect on the crime of attempted murder. Rather, our conclusion is simply that the plain language and legislative history of section 1170.95 establishes relief is only available under this section to those convicted of felony murder or murder under a natural and probable consequences theory. (See *Medrano*, *supra*, 42 Cal.App.5th at pp. 1015–1017, review granted.)

effect of the legislation; it did not "decriminalize" his conduct or render it "non-criminal." Rather, "[a] successful Senate Bill 1437 petitioner's criminal culpability does not simply evaporate; a meritorious section 1170.95 petition is not a get-out-of-jail free card. Instead, the petitioner is resentenced on the remaining convictions. If the murder was charged 'generically' and the target offense was not charged, the murder conviction must be redesignated as the target offense or underlying felony for resentencing purposes. (§ 1170.95, subds. (d)(3), (e).)" (*People v. Munoz, supra*, 39 Cal.App.5th at pp. 764–765, review granted.)

Furthermore, the matter at issue here is whether section 1170.95's petitioning procedure should be extended to cover those convicted of attempted murder despite the plain language and legislative history of the statute. The purpose of section 1170.95 is to provide an avenue for a defendant convicted of murder under a now prohibited theory pursuant to Senate Bill 1437 to seek resentencing, i.e., to seek a lower sentence as a result of the legislation. And, as discussed, *People v. Wilkinson* held a criminal defendant does not have a fundamental interest in a specific term of imprisonment or in the designation a particular crime receives. (33 Cal.App.5th at p. 838.) Thus, we cannot conclude a strict scrutiny analysis applies to our equal protection analysis of this section. Rather, a rational basis review is appropriate.

And here, even if we were to assume, arguendo, defendants convicted of attempted murder under a felony-murder or natural and probable consequences theory could establish they are "similarly situated" to those convicted of murder under a felony-murder or natural and probable consequences theory for purposes of Senate Bill 1437, there is a rational basis for the Legislature's decision to grant relief pursuant to section 1170.95 only to murder convictions based on judicial economy and the financial costs associated with reopening both final murder and final attempted murder convictions. As our sister courts have reasoned:

7.

"There may well be sound policy reasons for the Legislature to adopt ameliorative provisions like those in Senate Bill 1437 for individuals charged with, or convicted of, attempted murder under the natural and probable consequences doctrine.  But the Legislature's decision to limit sentencing reform at this time to offenders in cases of murder is certainly rational.  First, the gap between a defendant's culpability in aiding and abetting the target offense and the culpability ordinarily required to convict on the nontarget offense is greater in cases where the nontarget offense is murder, than where the nontarget offense is attempted murder or, in the prosecutor's discretion, aggravated assault.  The Legislature could have reasonably concluded reform in murder cases 'was more crucial or imperative.' …

"Second, the process created in section 1170.95 for those convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate that conviction and to be resentenced is not cost free.  The staff of the Senate Appropriations Committee estimated, if 10 percent of the inmates eligible for relief under Senate Bill 1437 petitioned the courts for resentencing, additional court workload costs would approximate $7.6 million.  The committee's report expressed concern that this increase in workload 'could result in delayed court services and would put pressure on the General Fund to fund additional staff and resources.'  (Sen. Com. Appropriations Report, p. 3.)  Additional expenditures would also be required to transport petitioners in custody to and from court hearings.  (*Ibid.*)

"In a world of limited resources, it is reasonable for the Legislature to limit the scope of reform measures to maintain the state's financial integrity."  (*People v. Lopez* (2019) 38 Cal.App.5th 1087, 1111–1112, fn. omitted, review granted Nov. 13, 2019, S258175; see *People v. Munoz*, *supra*, 39 Cal.App.5th at pp. 763–765, review granted; accord, *Medrano*, *supra*, 42 Cal.App.5th at p. 1017, review granted; *People v. Larios*, *supra*, 42 Cal.App.5th at p. 970, review granted.)

Thus, in light of section 1170.95's unambiguous language, defendant is categorically excluded from seeking relief through its petitioning procedure for his attempted murder conviction, which has long been final.  Because there is a rational basis to exclude defendants convicted of attempted murder from the ambit of section 1170.95, we find no equal protection violation.  For the same reason, we find no violation of defendant's due process rights.

## C. Any alleged error in failing to appoint counsel was harmless

Finally, based on our conclusion defendant is statutorily ineligible for relief under section 1170.95, we further conclude any alleged error by the trial court in failing to appoint defendant counsel during the petition process was harmless. We note that our sister courts have adopted conflicting interpretations of whether section 1170.95 requires a trial court to appoint a petitioner counsel immediately upon the filing of a petition for resentencing under section 1170.95. (Compare *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1140, review granted Mar. 18, 2020, S260598 [court does not err by denying petition for resentencing without appointing petitioner counsel because duty to appoint counsel does not arise unless and until the court makes threshold determination petitioner "'falls within the provisions'" of statute] and *People v. Verdugo* (2020) 44 Cal.App.5th 320, 332–333, review granted Mar. 18, 2020, S260493 [petitioner was not entitled to appointment of counsel before initial prima facie review of eligibility for relief] with *People v. Cooper* (2020) 54 Cal.App.5th 106, 112, review granted Nov. 10, 2020, S264684 ["when a petitioner files a facially sufficient petition requesting counsel, … the trial court must appoint counsel and give the parties an opportunity to submit briefing before denying the petition"]; *People v. Daniel* (2020) 57 Cal.App.5th 666, 673–674, review granted Feb. 24, 2021, S266336 [reiterating conclusion in *Cooper* that trial court must appoint counsel for petitioner who files facially sufficient petition before court denies petition for failure to make prima facie showing of entitlement to relief].)

However, we need not decide whether the trial court should have appointed defendant counsel after he filed his petition because here we cannot conclude defendant was prejudiced by the lack of counsel. In so concluding, we do not agree with defendant's contention that any alleged error by the trial court in failing to appoint counsel at this juncture was structural error. Rather, any alleged error by the trial court in failing to appoint defendant counsel after he filed a petition and prior to the issuance of an order to show cause is subject to review for harmless error. (See *People v. Cooper*,

9.

*supra*, 54 Cal.App.5th at p. 123, review granted [rejecting argument failure to appoint counsel after petition filing requires per se reversal and instead concluding harmless error analysis applies]; *People v. Daniel*, *supra*, 57 Cal.App.5th at pp. 674–675, review granted [holding violation of statutory right to counsel upon filing a facially sufficient petition is not structural error, but instead "susceptible to review for prejudice"]; accord, *People v. Law* (2020) 48 Cal.App.5th 811, 826, review granted July 8, 2020, S262490.)

Defendant's reliance upon *People v. Rouse* (2016) 245 Cal.App.4th 292 (*Rouse*) to argue the failure to appoint counsel was structural error requiring automatic reversal is misplaced. In *Rouse*, an incarcerated defendant filed a petition for resentencing pursuant to section 1170.18 after Proposition 47 reclassified theft of property valued at less than $950 as misdemeanor shoplifting. (*Rouse*, at pp. 294–295.) At the hearing on his petition, the defendant was not present or represented by counsel. (*Id.* at p. 296.) The court found the defendant's petition to be "well taken." (*Ibid*.) It permitted the People to amend the defendant's commercial burglary charge, granted the defendant's petition, vacated the original sentence, and resentenced the defendant. (*Ibid*.) The Second District Court of Appeal, Division Eight, concluded the defendant was entitled to the assistance of counsel *at the resentencing hearing* on his petition under section 1170.18, subdivision (a). (*Rouse*, at p. 301; accord, *People v. Simms* (2018) 23 Cal.App.5th 987, 998 [holding defendant has right to be present at Prop. 47 eligibility hearing where eligibility depends on disputed issues of fact rather than legal issues decided as matter of law].) The court therefore reversed and remanded for a new resentencing hearing on that basis. (*Rouse*, at p. 301.)

Contrary to defendant's contentions, he did not have an absolute right to a hearing. Rather, petitioners only have a right to a hearing under section 1170.95 if they have made a prima facie showing of entitlement to relief. (See § 1170.95, subds. (c) & (d) ["If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause. [¶] … Within 60 days after the order to show cause has

issued, the court shall hold a hearing to determine whether to vacate the conviction and to recall the sentence and resentence the petitioner"].)  And the *Rouse* court did not consider whether a defendant's right to counsel attaches at some point before a resentencing hearing is held, as is at issue here.  We have found no cases, nor does defendant point us to any, that hold a court's failure to appoint a petitioner counsel *before* a hearing under section 1170.95 amounts to structural error.  Thus, *Rouse* does not assist defendant.

Rather, the trial court's error here was "harmless under any standard of review." (*People v. Edwards* (2020) 48 Cal.App.5th 666, 675, review granted July 8, 2020, S262481, citing *Chapman v. California* (1967) 386 U.S. 18, 24 [constitutional error] and *People v. Watson* (1956) 46 Cal.2d 818, 836 [state law error]; see *People v. Daniel*, *supra*, 57 Cal.App.5th at p. 678, review granted [applying harmless error standard under *Watson*]; *People v. Law*, *supra*, 48 Cal.App.5th at p. 826, review granted [applying harmless beyond a reasonable doubt standard under *Chapman*].)  As discussed, defendant is categorically ineligible for relief pursuant to section 1170.95.  Thus, even if counsel had been appointed below, the result would be no different.

## DISPOSITION

The court's order denying defendant's section 1170.95 petition for resentencing is affirmed.

11.